## Yazoo & M. V. R. R. Co. *v*. Sibley.

[71 South. 167.]

1. STIPULATIONS. *Construction and effect.*

Where in a suit against a railroad company for impeding the natural flow of water by its embankment so as to overflow certain parts of plaintiff's land and damage his crops, an agreement was had between the parties to the suit that the testimony of one of defendant's witnesses delivered on the trial of a former suit for damages to the same land and crops of a previous year, might be read in evidence instead of his personal attendance and examination, under which the plaintiff introduced the entire record in the previous trial wherein plaintiff recovered judgment and there was a further agreement that the conditions at the time of the last suit were the same as they existed at the time testified to by the absent witness, in such case such admission was equivalent to a confession of defendant's liability and the only question left was the amount of damages sustained.

2. SAME.

> A fact or question, which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of this state of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons' in privity with them, and cannot be again litigated in any future action between such parties or privies in the same court or in any other court of concurrent jurisdiction, upon the same or a different cause of action.

APPEAL from the circuit court of Coahoma county.

HON. T. B. WATKINS, Judge.

Suit by J. N. Sibley against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes,* for appellant.

*Cutrer & Johnson,* for appellee.

POTTER, J., delivered the opinion of the court.

In April, 1912, the appellee, who was plaintiff in the trial court, filed his declaration against the appellant, defendant there, charging that prior to September 30, 1909, the appellant had built, or caused to be built and constructed, a certain railroad embankment, upon which it laid its tracks, and over which it operated a part of its line of railway, and that said embankment was built through certain land described in the declaration as belonging to the plaintiff. The land in question was two hundred and twenty acres, and situated on the west or northwest side of the railroad embankment. The declaration further alleged that because of the method of construction of the railroad embankment, a certain natural water course was dammed, and the flow of the water thereby impeded and obstructed in such way as to occasion the overflowing of certain parts of the two hundred and twenty acre tract of land, and the declaration alleges that the natural slope of the land in question was toward said railroad embankment, and that the natural and usu-

al flow of the surface of the water was across the land upon which the railroad constructed the above-mentioned embankment, and that the embankment had been so negligently constructed as to occasion the damming back of surface water, thereby causing the overflow of the lands. of the appellee; that the obstruction to the flow of the surface water was unnecessary, and might easily have been prevented at little cost or expense to the railroad company; and that because of the flooding of the lands in question in the manner set out in the declaration certain crops of corn, cotton, and other agricultural products, the property of the appellee, were from time to time, during the years of 1910 and 1911, destroyed, and that the appellee was prevented for the same cause from clearing and putting into cultivation other portions of said land; and alleging that the plaintiff was prevented from deriving rents and profits from portions thereof, and consequently there was a demand for damages. There had been other suits against the defendant railroad company by the plaintiff in this case, for damages done to the same land and crops thereof in previous years on account of the construction of the railroad bank in question, and a recovery had. The testimony in this case shows. that the conditions prevailing with reference to the construction and maintenance of the railroad on the day the present suit was brought were practically the same as. they existed at the time the recovery was had in the last. suit previous to the present one, which was brought at the April term, 1910, of the same court. During the progress of the trial, it was discovered that one of appellant's. witnesses, A. J. Rylee, was absent, and the appellee was. requested to agree that the testimony of Rylee, as given by him at the April term, 1910, of the court in the trial of cause No. 1694, the same being the number of the last. suit previous to the present one on the docket of the circuit court of Coahoma county, might be read in evidence as the testimony of the witness in the trial of the case at bar, and the following agreement was entered into:

"It is agreed that the testimony of the witness 'Rylee (A. J.), given at the former trial of this cause, is to be read in evidence in lieu of the personal presence and examination of the witness. It is the further understanding and agreement that the conditions prevailing with reference to the construction and maintenance of the railroad on April 6, 1912, were the same as then existed at the time testified to in his first examination on the ——— day of April, 1910."

The appellee thereupon introduced in testimony the entire record in the former trial of the previous litigation in question. An instruction, that was in effect a peremptory instruction to find for plaintiff, was granted by the trial court, directing the jury to return a verdict for the plaintiff upon the theory that the question of the liability of the railroad company, for damages resulting from the flooding of the lands belonging to the plaintiff by reason of surface water or the waters of the natural water course, was judicially determined by the court at the trial of cause No. 1694, and for this reason the sole and only question of fact to be determined by the jury was, First, did the railroad company's embankment occasion the flooding of the lands during the years 1910 and 1911? and, second, what was the amount of damage thus done?

The evidence showed without dispute that the lands were overflowed, and that the plaintiff suffered a substantial injury, and the jury determined the amount of damages. It is complained; however, that no plea of *res adjudicata* was pleaded, nor was any notice that such was relied upon given appellant. But appellant's written confession that the conditions prevailing "with reference to the construction and maintenance of the railroad on April 6, 1912, were the same as they existed at the time testified to in the first examination on the———day of April, 1910," is of record, and the record in the previous case shows that both the subject-matter and the parties to the previous litigation were the same as the subject-

matter and the parties to this litigation, and in addition to this, the testimony in the case shows that the facts agreed to by the appellant are correct, and that no substantial change had been made in the situation since the last suit. It, therefore, seems that the agreement of appellant's counsel was tantamount to a confession of appellant's liability. In the previous case the damage complained of was that the water course in question had been so narrowed by the construction of the railroad that the surface water would not drain off, thereby causing damage to the land of the appellee, and in this case it is the damming up of the same stream and the obstruction of the same surface water that is complained of; and, in view of the fact that the appellant has confessed that the conditions were the same and the record shows that the parties and the subject-matter of the suits were the same, and in view of the fact that overflow and damage was shown beyond question, we think the only matter left for the jury to determine was the amount of damage, and that this question was properly submitted.

"A fact or question, which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by domestic court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action." 23 Cyc. 1215.

It is not necessary to determine whether or not it is necessary to specially plead a defense of *res adjudicata* when raised in an action similar to this. There is conflict upon this point, some cases holding that issue *res adjudicata* may be proven under the general issue, but in this case the written agreement of the appellant itself shows conclusively that liability for the damage in question is established.

*Affirmed.*