CANTRELL v. LUSK *et al.*

[73 South. 885—72 South. 931, Division B.]

1. JUDGMENT. *Injuries. Splitting causes of action.*
    Where a landowner whose property was injured by the negligent construction and maintenance of a railroad right of way recovered for the full value of his land, he could not recover for the crops afterwards grown on that land. In other words, when the defendant paid for the land, the plaintiff would not in good. conscience, be permitted to afterwards claim that the land had not been totally destroyed.

2. SAME.
    Where a former recovery was only for injuries to the crops on the land, such recovery did not prevent a recovery afterwards for injuries to another crop.

APPEAL from the circuit court of Monroe county.
HON. CLAUDE CLAYTON, Judge.
ON SUGGESTION OF ERROR.

*W. H. Clifton,* for appellant.

As to the lands total and partial damages to which was and is sued for in both actions, we insist that even if the verdict had been a general verdict it would not, under the facts in this case, constitute an estoppel, or a bar as a plea of *res judicata* to a recovery for damages sued for in the second count of this suit. For in the first suit there were two counts, presenting two separate and distinct issues, and with a general verdict it would have been impossible to say on which of the two issues the jury had returned a verdict. A judgment then on a general verdict, it being uncertain as to what had been decided, could not be plead as *res judicata* to a second suit brought on the same cause of action and for the same subject-matter. *Russell* v. *Place,* 94 U. S. 606, 24 L. Ed. 215; *Sawyer* v. *Neilson,* 43 N. E. (Ill.) 728.

In this case though the verdict is a special finding on the first count in the declaration of the former suit, adjudicating the damages done to the crops of 1911 and 1912 and since there has been no adjudication as to the damages done to the land set up in the second count of the declaration this matter is left open,was omitted and therefore the verdict and judgment cannot be set up as *res judicata* as to the second suit. To sustain the plea, the record must show an adjudication of the matter sought to be again litigated. *Hart* v. *Bucard,* 75 Miss. 653-4; *Hart* v. *Bloomfield,* 66 Miss. 100.

We submit that this contention is supported by our statutes, Revised Code 1906, section 78. "Not error if verdict omit something. If on an issue concerning several things in one count, a verdict be found for only a part of them, it shall not be error, but the plaintiff shall be barred of his title to the things omitted." I take it that this statute was necessary to bar a second suit for matter omitted by the verdict of the jury in the first suit, even where the omitted matter had been set out together with matter which the jury adjudicated, all being contained in one count.

If this be correct then surely the rule we invoke would apply in a case where the matter omitted by the jury is set out in a separate count: I know that there are cases which hold that such a verdict as the jury rendered in this case would be an adjudication of the omitted matter contained in a separate count in favor of the defendant. Notably the case of *Mary Anna Manufacturing Co. v. Boone* (Fla.), 45 So. 754. But in this case as well as others of like character which I have had access to, no reference is made in the opinion of the court to the statutes of the respective states; and I think with such a statute as we have the old rule would be the law as well as the better rule.

But suppose that Florida Rule be applied and we construe the verdict in this case to be an adjudication in favor of appellees as to the damage done to the twenty-three acres of land contained in the second count of the declaration of the first suit; how could an adjudication in favor of the defendants as to damages done the twenty-three acres of land contained in the second count of the declaration of the first suit; how could an adjudication in favor of the defendants as to damages done this land at that time of the bringing of the suit be *res judicata* to second suit brought for damages done to twenty-five acres of land more than a year afterwards when the proof in the instant case showed that there had been recurring overflows since the bringing of the first suit which damaged the land. Such a construction placed on the verdict but emphasises the fact that the cause of the action in the second suit is different from the cause of the action in the first suit as to the twenty-three acres of land; as well as two other acres of land embraced in the second suit and which was not in the first suit. The only element existing in both of these cases necessary to constitute and make the first suit *res judicata* of the second is the identity of parties; and I submit that both the learned counsel and court misconceived the legal effect of the record of this first suit introduced by us as evidence, not as an estoppel

on defendant to deny their liability but as *stare decisis.* We call the court's attention to Judge WHITFIELD's distinction between *res judicata* and *stare decisis* in its aplication to the facts in the case of *Adams, Revenue Collector* v. *The Railroad Company, supra;* and submit that it is equally applicable to the question involved here on the facts in this case.

· *Geo. T. Mitchell,* for appellee.

The only assignments of error which this court can consider on this appeal are the fifth and sixth, based upon the action of the court in granting appellee's motion to exclude the evidence and in giving a peremptory instruction for appellee and in refusing to set aside the judgment and verdict and grant a new trial, and therefore the only question for this court to determine on his appeal is: Does the judgment rendered by the court below in the case of *D. E. Cantrell* v. *St. Louis & San Francisco Railroad Co.,* constitute a bar to any further recovery on the same cause of action?

The court will notice that in the first case appellant sued for damage to the crops of 1911 and for. the total destruction of nineteen acres of land and the partial destruction of four acres of land. In the suit from which the present appeal is prosecuted, he claimed damages for the crop of 1913 grown upon the same land and for the total destruction of nineteen acres of land and the partial destruction of six acres, all being the same land contained in the first suit except the additional two acres for which partial destruction is claimed. It is well settled law that when a recovery is had for total destruction of land, no further recovery can be had for failure of crops upon this same land. *Railroad Company* v. *Miller,* 68 Miss. 760.

In the first suit, appellant recovered a judgment against the railroad company for one hundred and fifty dollars which judgment covered both counts in his dec-

laration. Appellant insists, however that in the declaration in the instant case he is claiming parital destruction for six acres of land instead of four acres contained in the first declaration and that therefore his claim for partial damages to this additional two acres of land renders it a different cause of action to that contained in the first case. If the pleadings alone determined the ,matter, there might be some merit in this contention, but even a casual reference to the testimony of the witnesses in the instant case shows beyond any question that there is no proof that more than four acres of land were partially damaged. Appellant at the close of his cross-examination admits that in the present suit he is claiming total and partial damages to not more than twenty-two acres of land, while in the former suit he claimed total and partial damages to twenty three acres. Mr. C. L. Rodgers testifies in the instant case that he was a witness in the former case and that his testimony in this case is with reference to the same land testified to by him in the former case. Mr. Dolph Cantrell, a witness for appellant, testifies to the same effect. Therefore while it is true that appellant in the present case claims partial damages for two acres of land more than was embraced in the declaration in the first suit, still his testimony utterly fails to bear out his declaration in that respect. It therefore cannot be contended that the court committed error in granting the peremptory instruction in so far as this two acres of land is concerned. The whole question, therefore, is, was there a recovery in the former suit for the total destruction of this particular land for which appellant now claims damages for the crops of 1913, on which land said crops were grown? Appellant contends that in his declaration in the first case as in the instant case there were two counts, one claiming damages to the crop of 1911 and 1912 and the other for damages to the land, and that the jury by their verdict simply found for the plaintiff as to damages to crops, which by implication would mean they found for the defendant as to the second

count in the declaration and that therefore he is not barred from bringing another action for alleged injuries to the land. If this contention of his be correct, then he is most certainly barred of any recovery for damage to the land in the instant case, for the reason that his testimony utterly fails to show any damage to the land after the rendition of the judgment in the former suit. All the testimony goes to show that 1913 was a dry year and that there was no material injury to the land further than that shown in the former suit. We contend, however, that the verdict of the jury in the former suit was simply a general verdict in favor of the plaintiff based upon the entire declaration and that the amount awarded plaintiff in that suit must necessarily have covered the injuries to the land as well as for the destruction of crops. There was no finding by that jury for the defendant in regard to the damage to the land and there is no recital in the judgment of the court to the effect that plaintiff is entitled to nothing for injury to the land, but it is simply a general judgment in favor of the plaintiff in that suit for one hundred and fifty dollars with six per cent interest from date. We therefore insist that this judgment forms a complete bar to any further recovery on the same cause of action contained in the first declaration.

"Those things which might have been litigated as well as those things actually litigated in the first suit are *res judicata;* but this means those things involved in the record of the former case and which, being so involved, might have been litigated and decided." *Hubbard* v. *Flynt,* 58 Miss. 266. *Hardy* v. *O'Pry,* 59 *So.* 73.

"The force of the estoppel resides in the judgment itself; it is not the finding of the court or verdict of the jury which concludes the parties, but the judgment rendered thereon." 23 Cyc. 1218, Par. C.

I respectfully submit that the action of the court below in holding the former judgment a bar to any subsequent recovery regarding the same land was eminently correct and should therefore be affirmed.

COOK, P. J., delivered the opinion of the court.

The record in this case is so badly arranged, and so difficult to understand, that we were misled when we affirmed the judgment of the trial court. We were then under the impression that the record showed that appellant was seeking to recover for the value of crops alleged to have been planted on land for which land he had recovered in a former suit the full value. This conclusion we find was erroneous, after a careful disentangling of this small, yet difficult, record of the first and second suits.

It appears that in the first suit the jury rendered a verdict for damage to crops alone. The declaration in the first suit declared for damage to crops, and also for damage to the land. As before stated, we were of the opinion that if the appellant had recovered for the full value of his land, he could not recover for the crops afterwards grown on that land. In other words, when the defendant paid for the land, the plaintiff would not, in good conscience, be permitted to afterwards claim that the land had not been totally destroyed. Reading the record, we think now that plaintiff was entitled to have the case go to the jury upon the evidence showing that defendant's negligent construction and negligent maintenance of its roadbed had caused substantial damage to his property.

Appellees insist that the suggestion of error should be overruled, and plants himself upon the *Sibley Case,* reported in 71 So. 167. We think learned counsel for appellee has misconstrued the opinion rendered in the Sibley Case. The court merely held in that case that the negligent construction and maintenance of the railroad was conclusively settled in a former suit, and when it was admitted that there had been no change in the condition, there was nothing left to submit to the jury, except the amount of the damage which had resulted from the continued maintenance of a judically determined negligently

constructed railroad embankment. It might be, under proper proof, that plaintiff could avail himself of the Sibley Case, but we are unable to find any comfort in that case for defendant.

As we now view the record, the evidence tends to show that at the time this case was tried the railroad company was maintaining an improperly constructed roadbed, and in consequence plaintiff was damaged. The court, for some reason, took from the jury the decision on the facts, and this was error.

*Reversed and remanded.*