Yazoo & M. V. R. Co. *v.* Jones.

[79 South. 65, Division A.]

1. WATERS AND WATERCOURSES. *Obstruction of drainage. Railroad right of Landowner.*

   Where a railroad embankment obstructed the drainage of lands, the owner cannot recover for damages done thereby to his tenant or share cropper but only for the damage sustained by himself.

2. SAME.

   In such case the landowner can recover either for the decrease in the value of his land or for the decrease in the quantity of crops raised thereon but he cannot recover for both.

3. SAME.

   Where the obstruction of drainage by a railroad embankment can be obviated at moderate expenses by construction of culverts, damages to the landowner cannot be assessed on the theory that the cause thereof will permanently continue, but in such case successive actions must be brought, in so far as a recovery of damages is concerned as such damages accrue.

APPEAL from the circuit court of Tallahatchie county.
HON. E. D. DINKINS, Judge.

Suit by T. G. Jones against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff defendant appeals.

The facts are fully stated in the opinion of the court.

*R. B. Mayes, W. E. Stone, H. D. Minor, Chas. Burch* and *Woods & Kuykendall,* for appellant.

*Garry & Rice, A. H. Stephens* and *Cutrer & Johnson,* for appellee.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a judgment of the lower court for the sum of one hundred thousand dollars in favor of appellee and against appellant for damages to his land and crops grown thereon because of the obstruction by appellant of natural drains and surface water, resulting in an annual spring overflow by water of appellee's land.

The declaration alleges, in substance, that appellee is the owner of a large and valuable plantation on the Tallahatchie river, about a mile and a half from appellant's roadbed, which roadbed obstructs the bayous, sloughs, etc., by which appellee's land is drained, and also obstructs the flow of surface water to such an extent that during the spring of each of the six years next preceding the filing of the declaration a large part of appellee's land was overflowed by water; that appellant can construct culverts and sluices under and through its roadbed at a reasonable expense, and with safety thereto, through which the water will flow in its accustomed direction and away from appellee's land, and damage thereto by the impounding of water thereon will be prevented. Appellant denies that its roadbed obstructs appellee's drainage, and the evidence relative thereto is conflicting.

Appellee's evidence discloses no permanent damage to the land, but that its value, that is, the amount for which it will sell, has been reduced fifty per cent. because of the obstruction of the drainage thereof by appellant's roadbed, appellee himself testifying in this connection that:

118 Miss.—15

"If they would take this water off of me, I will make more money out of it in six years than I am asking for."

His claim for damages to the crops is not predicated upon any destruction thereof or injury thereto, by being flooded after they came into existence, but upon an alleged decrease in the yield thereof each season following an overflow of the land, caused by the fact that the crops could not be planted as early as they should have been, and the land was left in such condition that it could not be properly cultivated for that season.

The evidence does not disclose the number of acres planted in either cotton or corn during any of the years in question, nor the extent of the damage to the latter, and the evidence of the extent of the damage to the cotton is a statement by appellee that:

"I estimated that on the land that was overflowed I lost about one-fifth of a bale of cotton to the acre."

These crops were produced by both tenants and share croppers; the latter being persons receiving for their labor one-half of the crops produced by them. The rent paid by these tenants was in some instances money, in others a fixed amount of cotton, and in others one-third of the crops produced. Appellee made no effort, but, on the contrary, admitted his inability, to show what portion of the land was worked by tenants and what portion by share croppers, and it does not appear whether he collected the rent due him or not, his claim for damages being predicated upon the mistaken theory that he is entitled to recover the damages sustained not only by himself, but also by his tenants and share croppers.

The case was submitted to the jury on the theory that appellee is entitled to recover both the alleged decrease in the value of his land and the damages alleged to have been sustained by him because of the

decrease in the yield of his crops, and by several rulings of the court below we are called upon to decide whether he can recover on both of these claims for damages, and, if not, whether he can recover on either, and if so, on which one.

Should the obstruction to appellee's drainage be removed so that the water will no longer be impounded upon his land, the value thereof prior to the time the drainage was obstructed will be restored, so that a recovery by him for the decrease in the value of his land caused by the obstruction of his drainage can be predicated only upon the theory that the obstruction is of a permanent character, from which it must follow that should he recover therefor appellant would have the right to permanently obstruct the drainage, in which event it would, of course, not be liable to appellee for any damage thereby inflicted upon his crops. A recovery by appellee from appellant for the decrease in the value of his land caused by the obstruction to his drainage would place the parties in the same situation they would have been had appellant purchased from appellee the right to obstruct his drainage, their relative rights in this respect being analogous to the rights of a plaintiff and defendant in an action in trover for the conversion by the defendant of property belonging to the plaintiff, the title to which property will vest in the defendant on the payment by him to the plaintiff of the amount of the judgment rendered against him for the conversion. Since the payment by appellant to appellee of the decrease in the value of his land caused by the obstruction to his drainage would be the equivalent of the purchase by appellant from appellee at the time the drainage was obstructed of the right so to do, it necessarily follows that appellant will not in that event be liable to appellee for any damage inflicted upon his crops by the obstruction to his drainage, so that appellee can recover, if at all, on one only of his claims

for damages; that it, either for the decrease in the value of his land or for the decrease in the quantity of crops raised thereon. *Railroad Co. v. Miller,* 69 Miss. 760; *Cantrall v. Lusk,* 113 Miss. 137, 73 So. 885; 4 Sutherland on Damages, section 1047 (4th Ed.).

In determining on which of these claims for damage appellee can recover, it must be borne in mind that the claim for damage to the land is not predicated upon any injury to the soil, but is simply that it will sell for less with than it would without the obstruction to its drainage. This decrease in the value of the land may, and we must assume will, not be permanent, for the reason that appellee alleges, and his evidence, if true, proves that the obstruction to his drainage can be easily removed by appellant at a moderate expense and with safety to its roadbed, and, as hereinbefore pointed out, if the obstruction to his drainage is removed, the original value of the land will be restored, and the rule, supported by both reason and authority, is that under such circumstances damages cannot be assessed on the theory that the cause thereof will permanently continue, but that successive actions must be brought, in so far as a recovery of damages is concerned, as such damages accrue. *Mississippi Mills v. Smith,* 69 Miss. 308, 11 So. 26, 30 Am. St. Rep. 546; *Nashville v. Comar,* 88 Tenn. 415, 12 S. W. 1027, 7 L. R. A. 465; *Bare v. Hoffman,* 79 Pa. 71, 21 Am. Rep. 42. Appellee's recovery therefore must be limited to the damage, if any, sustained by him to his crops; that being the only damage claimed other than the alleged decrease in the value of his land.

Since it follows from the foregoing views that the judgment of the court below must be reversed, it will not be necessary for us to pass upon appellant's objection to the sufficiency of the evidence to enable the jury to ascertain whether or not the impounding of water upon appellee's land resulted in a decrease in the quantity of the crops raised thereon in each, or

in any, of the years ·here in question, and, if so, the extent of appellee's interest therein.

*Reversed and remanded.*