YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* JAMES.

[80 South. 2, Division A.]

1. APPEAL AND ERROR. *Disposition. Motion. Suggestion of error.*
   The question as to whether or not a judgment in the supreme court should be amended so as to remand for trial only as to the amount of damages should be raised by suggestion of error and not by motion to correct the judgment.

2. SAME.
   Where while a suggestion of error by appellee is pending, he makes a motion that the judgment be corrected, so as to remand the case, solely as to the amount of damages sustained. In such case, the court will treat this motion as an amendment to the suggestion of error and deal with it accordingly.

3. APPEAL AND ERROR. *Remand. Scope of trial.*
   Under the facts as set out in its opinion in this case, the court, on reversing the case, declined to remand it for trial only as to the amount of damages sustained.

APPEAL from the circuit court of Tallahatchie county. HON. E. D. DINKINS, Judge.

On motion to correct judgment. Motion overruled. For former opinion, see 79 So. 65.

The facts are fully stated in the opinion of the court.

*Wells, May & Sanders, W. E. Stone, Woods & Kuykendall, Jas. Stone, H. D. Minor* and *Chas. N. Burch,* for appellant.

*Gary & Rice, A. H. Stephen* and *Cutrer & Johnson,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The judgment appealed from was reversed at the last term of this court, and the opinion then delivered is reported in 79 So. 65, to which reference is made

for a full statement of the facts of the case and questions decided, and in the light of which this opinion must be construed. A suggestion of error was filed by appellee, and overruled. While the suggestion of error was pending, and within the time allowed for the filing thereof, appellee filed this motion, the prayer of which is that our former judgment be amended, so as to remand the cause for trial only as to the amount of damage sustained.

This question should have been raised by suggestion of error, and not by motion to correct judgment. *Couret v. Conner,* 79 So. 801. But we will treat the motion as an amendment to the suggestion of error and deal with it accordingly.

It is said by counsel for appellee, that, treating it as such an amendment, it should have been considered by the court along with, and was necessarily overruled by the order overruling, the suggestion of error. It is true that the motion was improperly placed on the motion docket, and should have been submitted to the court along with the suggestion of error; but we will pretermit any consideration of its present status, for the reason that, should we overrule it on its merits, as we think should be done, the same results will be reached as would be by our declining to now consider it.

As will appear from our former opinion herein (79 So. 65), the appeal is from a judgment awarding appellee damages alleged to have been sustained by him because of the annual flooding of his land during each of the six years preceding the filing of his declaration, caused by the obstruction to his drainage by appellant's roadbed. Appellee sought, and was permitted to recover, as an element of his damage, both an alleged depreciation of the market value of his land, caused by the obstruction of his drainage, and also the value of an alleged decrease in the yield of each crop grown

on the land in each of the six years stated, caused by the flooding of the land during the spring of each year. The ground upon which we reversed the judgment of the court below was that the alleged obstruction to appellee's drainage, according to his declaration and evidence, can be easily removed; consequently he cannot recover on the theory that the obstruction will be permanent, from which it follows that the court below erred in permitting him to recover the alleged decrease in the market value of his land.

We will not stop to determine the correctness of appellant's contention that this cause does not come within either rule 12 or 13 of this court, and therefore the motion should be overruled, for the reason that the power of this court to limit the issues in remanding a case for a new trial is neither conferred nor limited by either of those rules. *Railroad Co.* v. *Scott,* 108 Miss. 871, 67 So. 491, L. R. A. 1915E, 239, Ann. Cas. 1917E, 880.

Appellee's contention is that by awarding him damages the jury necessarily found that his land had been flooded, from which it necessarily follows that appellant is liable to him for at least nominal damages; that the error for the commission of which the judgment was reversed did not affect the question of liability, but only the question of the amount of damages to be awarded, and consequently the new trial should be limited to that issue only.

The obstruction to appellee's drainage, as pointed out in our former opinion, is a continuing wrong, and each injury inflicted upon him thereby constitutes a new cause of action. In order for him to recover, he must prove, not only that his drainage was wrongfully obstructed, but that the obstruction caused the water to flood his land; each flooding thereof constituting a separate injury, for which at least nominal

damages, and, of course, all actual damages, in which should be included any decrease in the yield of crops caused thereby, can be recovered. In other words, appellant's liability, under the circumstances here involved, flows not alone from the obstruction to appellee's drainage, but from an actual flooding of his land resulting therefrom, so that, in order for appellee to recover for damages to his crops in any one of the six years sued for, the jury must believe, not only that his drainage was obstructed, but also that because thereof his land was flooded during that year, resulting in damages to the crop for that season.

The alleged decrease in the market value of appellee's land is laid in his declaration at ninety-one thousand two hundred and forty-three dollars and thirty cents; the damage caused by the alleged decrease in the yield of his crops for the year 1908 is laid at eight thousand dollars; for the year 1909 at eight thousand dollars; for the year 1910 at ten thousand dollars; for the year 1911 at five thousand dollars; for the year 1912 at forty thousand; and for the year 1913 at thirty-five thousand dollars. The verdict of the jury was for one hundred thousand dollars, so that it must have awarded him some damage for decrease in the yield of his crops; but it does not appear that this was the aggregate damage to the crops for all of the years sued for, or to the crops of any particular year or years. All that does appear in this connection is that the jury found that appellee's land had been flooded in at least one, but not which, of the years set forth in his declaration resulting in a decrease in the yield of the crop grown thereon in that year.

*Overruled.*