CITY OF HATTIESBURG *v.* NEW ORLEANS & N. E. R. Co.*

(Division A.   June 15, 1926.)

[108 So. 797.   No. 25252.]

1.   APPEAL AND ERROR.

Under supreme court rule No. 6, any error in awarding interest on judgment recovered against city and assessing five per cent damages under Code 1906, section 4926 (Hemingway's Code, section 3202), was waived when not raised by assignment of error on submission to supreme court.

2.   APPEAL AND ERROR.

Procedure for obtaining reconsideration of award of interest on judgment against city, if properly raised by assignment of error, is by suggestion of error, which must be filed within time allowed under supreme court rule 14.

*Corpus Juris-Cyc. References:   Appeal and Error, 3CJ, p. 1345, n. 24; p. 1395, n. 30; p. 1396, n. 33 New.

On motion to correct judgment. Motion overruled.
For former opinion, see 141 Miss. — 106 So. 749.

*D. E.* and *C. W. Sullivan,* for appellant, on motion to
correct judgment.

The motion to correct the judgment is not a suggestion
of error and has no kinship to a suggestion of error. The
motion is made under section 736, Hemingway's Code,
to correct or amend the judgment of the supreme court
for "a misrecital of a sum of money."

The motion to amend the judgment was filed during the
term of the court at which the judgment was rendered,
and, therefore, the court has jurisdiction to hear and
determine the motion and correct the "misrecital of any
sum of money." Rule 14 of the supreme court applies
to correction of mistakes, miscalculations and misre-
citals of any sum of money, etc.

We submit that the motion to amend the judgment
should be sustained.

*Stevens & Heidelberg,* for appellee, on motion to cor-
rect judgment.

The matters complained of by appellant on motion to
correct the judgment herein could only be raised by sug-
gestion of error. See *Y. & M. V. R. R. Co.* v. *James,* 80
So. 2, 118 Miss. 724; *Couret et al.* v. *Conner et al.,* 79 So.
801.

The court will not now treat this motion to correct
the judgment as a suggestion of error and pass thereon,
for the reason that it comes too late. Rule 14 requires a
suggestion of error to be filed within fifteen days; and
even if a motion for further time is made within the
fifteen days, it can be extended only to thirty days; and
more than thirty days has elapsed since the rendition
of judgment before the filing of this motion.

Smith, C. J., delivered the opinion of the court.

This is an appeal by the city of Hattiesburg from a judgment against it in favor of the New Orleans & Northeastern Railroad Company for taxes wrongfully collected from the railroad company by the city, and the judgment appealed from was affirmed at the last term of this court. — Miss. —, 106. So. 749. The judgment of the court below awarded the appellee interest on the amount sued for and recovered at the rate of "six per cent per annum from the 30th day of January, A. D. 1925, until paid." This award of interest was brought forward by the clerk of this court when the judgment of affirmance was entered by him on his minutes, and the amount thereof was included in the amount on which the five per cent damages provided by section 4926, Code of 1906 (Hemingway's Code, section 3202), were calculated. No complaint was made by the appellant in its assignment of error of this interest awarded in the court below. After the affirmance of the judgment and after the time allowed for the filing of a suggestion of error under rule 14 of this court (104 Miss. 906) had expired, the appellant filed a motion to correct the judgment of affirmance by striking therefrom the allowance of interest on the judgment rendered by the court below and the five per cent damages allowed on this interest.

The error sought here to be corrected, assuming for the sake of argument that error it is, was committed by the court below, and was one of the questions which the appellant, if it desired a review by this court thereof, should have raised by its assignment of error when the case was submitted to this court for affirmance or reversal. Consequently, it is not now open to consideration for two reasons: (1) It was waived by not being included in the assignment of error (rule No. 6 of this court, 104 Miss. 906); and (2) had it been included in the appellant's assignment of error the procedure for obtaining a reconsideration thereof is by a suggestion of

error filed within the time allowed therefor by rule No. 14. Should we treat this motion as a suggestion of error, and such in fact it is (*Railroad Co.* v. *James,* 118 Miss. 724, 80 So. 2), the limitation of rule No. 14 would still apply.

*The motion will be overruled.*