CANAL-COMMERCIAL TRUST & SAVINGS BANK *v.* BREWER.*

(Division A. June 21, 1926.)

[109 So. 8.  No. 25200.]

APPEAL AND ERROR.

Motion to correct judgment, merely suggesting that court erred in affirming decree of lower court, is a second suggestion of error, and under supreme court rule 14 will be dismissed.

*Corpus Juris-Cyc References:  Appeal and Error, 3CJ, p. 345, n. 86.

On motion to correct judgment.  Motion dismissed.

For former opinion, see 108 So. 424 and preceding case in this volume.

*Green, Green & Potter, Oscar Johnston* and *F. H. Montgomery,* for appellant on motion to set aside decree of affirmance and for decree dismissing complainant's, appellee's, bill, or correction of decree, or further argument and consideration; and on motion by appellant to require Earl Brewer to restore to the possession of Y. E. Howell, receiver, the notes and choses in action recited in the motion.

The record herein is still within the exclusive jurisdiction of this court, and no mandate has as yet been issued; and the term of our court at which the decree of affirmance and the overruling of the suggestion of error were rendered has not yet expired.

The principal elements of the motion are based upon the want of jurisdiction of the court below, and of this court, to render the decree herein.

The bill is by Earl Brewer claiming title to the choses in action—personalty—by a proceeding in attachment, and which choses in action have been garnished, and, thereby, levied on, and which are in the hands of Y. E.

Howell, clerk of the chancery court of Coahoma county, and receiver herein, who, under decree of the court, was directed to deliver the notes so garnished to Earl Brewer; and, thereby, the decree of the court has given effect to the attachment proceeding without jurisdiction of the *res;* for an attachment in chancery, under sections 293-9, Hemingway's Code, is a special·and statutory jurisdiction in attachment in the chancery court, and does not extend to suits to recover title by the attaching creditors.   See *Advance Lumber Co.* v. *Laurel Nat'l Bank,* 86 Miss. 419, 38 So. 313; *Delta Ins. & Realty Co.* v. *Interstate Fire Ins. Co.,* 113 Miss. 34, 74 So. 420; *Werner Sawmill* v. *Sheffield,* 89 Miss. 12.

Thus this court and the court below had no jurisdiction of the attachment.   Brewer claimed as debtor to and not as creditor of the bank, and sections 293-8, Hemingway's Code, do not apply.   And the *res* was not subject to the jurisdiction of the court; and, hence, the decree is without jurisdiction of the court.

A decree whereby the bank's property is taken from it by the decree ·without jurisdiction of the subject-matter is not due process of law under the Federal Constitution, and such decree, thus giving effect to the statute of Mississippi, sections 293-9, Hemingway's Code, deprives the bank of its property without due process of law contrary to the Federal Constitution.

Thus the decree establishes a forfeiture of. the bank's property under the claim that it violates the usury statutes of Louisiana and there is no averment in the bill, or the amended bill, or the amendment to the bill to that effect; and, hence, this decree is rendered, declaring a forfeiture upon an extra-territorial penal statute which is not referred to, or averred, in complainant's bill, and there could be no jurisdiction of the court to endorse this alleged forfeiture upon a pleading which did not aver it.

Especially is this true in proceedings in the chancery court of Mississippi to enforce a forfeiture under ex-

tra-territorial usury laws of the state of Louisiana. 39 Cyc. 1087; 39 Cyc. 1008; *Barrett* v. *Chaler,* 2 La. Ann. 874; *Durnford* v. *Bariteau,* 5 Mart. 501.

*American Freehold L. & M. Co.* v. *Jefferson,* 69 Miss. 771, refused jurisdiction to enforce usury in New York, declared the contract to be void, and held that the equity rule prevailed in Mississippi as to extra-territorial contracts; namely, that the debtor must do equity by paying the debt with legal interest.

Hence, for this reason also, the chancery court of Mississippi was without jurisdiction to enforce a forfeiture, and such forfeiture was enforced notwithstanding the settled rule of interpretation as announced in *American Freehold L. & M. Co.* v. *Jefferson,* 69 Miss. 771, that the chancery court had no jurisdiction to enforce a *quasi*-penal statute, and establish a forfeiture arising under the statute of a foreign state.

Full faith and credit is not given to the Louisiana statutes by the opinion of the court in its reliance upon *Canal Bank* v. *Hagan,* 1 La. Ann. 62, wherein the Louisiana Statute of Usury was not involved, but that case turned upon the provisions of the charter of the Exchange Bank as set forth in the opinion, and under which the powers of the bank were interpreted as prohibitory and as a forfeiture.

*Peoples Bank & Trust Co.* v. *Fenwick,* 130 La. 723, 58 So. 523, cited in the motion, is peculiarly applicable here as an interpretation of the rights of the bank under the usury statute of Louisiana. Brewer's agreement with the bank that two hundred sixty-eight thousand five hundred forty dollars and eighty-three cents was the amount of the five hundred thousand dollar Holland note which Brewer agreed to pay, and the releasing of his note for two hundred thousand dollars and Ed Brewer's note for twenty-five thousand dollars as collateral for the Holland note, and which as to Holland, who was not a party to this agreement between Brewer and the bank, were still required to be held by the bank as a part of

Hollands' collateral to the five hundred thousand dollar note, and the substitution of Brewer in this new relation to the five hundred thousand dollar note created a novation, a perfectly valid contract between Brewer and the bank, and as set forth and defined in 29 Cyc. 1130 *et seq.*, shows that Brewer became an original promissor for the two hundred sixty-eight thousand five hundred forty dollars and eighty-three cents under this written contract, and such written contract, made as a part of it, the writing of Brewer's name on the back of the Holland note. There was no "corrupt agreement with the intent to violate a statute" as required for usury, under *Smythe* v. *Allen,* 67 Miss. 146.

*Power of the court to grant this motion.* It may be contended that this motion comes too late, and that it is governed by Rule 14 of the rules of this court. But see *Northwestern Fuel Co.* v. *Brock,* 139 U. S. 219, 35 L. Ed. 158; 15 C. J., p. 850; *Mansfield, etc., R. Co.* v. *Swan,* 111 U. S. 462; *Stamps* v. *Newton,* 3 How. (Miss.) 34; *Hewitt* v. *Cobb,* 40 Miss. 62; *Lee* v. *Dozier,* 40 Miss. 483; *Walker* v. *Gilbert,* 7 S. & M. 466. Rule 14 will have no application where the court has no jurisdiction.

In the recent case of *Hattiesburg* v. *R. R. Co.,* June 14, 1926, referring to a motion touching the correction of a judgment in this court which omitted interest, the court, on a motion, treated it as a suggestion of error, and held that it was too late under Rule 14, reciting *R. R. Co.* v. *James,* 118 Miss. 724, 80 So. 2. But in that case the judgment had been rendered at a former term of the court and the suggestion of error had been filed and overruled. Note also that there was no question of jurisdiction involved in that case, but only a question as to modifying the judgment rendered at the former term. That case cited *Couret* v. *Conner,* 79 So. 801. But that case did not involve a question of jurisdiction, but was a motion after final judgment of the court, and where it was not filed within the fifteen days allowed. See

*Wilson* v. *Peacock,* 71 So. (Miss.) 296; *Bacot* v. *Holloway,* 105 So. (Miss.) 739.

SMITH, C. J., delivered the opinion of the court.

On a former day the decree herein appealed from was affirmed by this court, and thereafter a suggestion of error was filed by counsel for appellee, and overruled by this court. After that suggestion of error was overruled, this motion was filed by counsel for the appellee "to set aside the decree of affirmance and overruling the suggestion of error, and render such decree herein for appellant as the record requires, or to set aside the decree of affirmance, and decree on the suggestion of error, and remand the cause for further consideration of the court upon further briefs and /or argument of counsel, and for grounds assigned," etc.

The grounds assigned in this motion for the setting aside of the judgments of this court, affirming the decree of the court below and overruling the suggestion of error thereafter filed, relate to errors alleged in the motion to have been committed in the court below, because of which this court erred in affirming the decree of that court. The motion, therefore, merely suggests that this court erred in affirming the decree of the court below, and therefore is a second suggestion of error. *City of Hattiesburg* v. *New Orleans & Northeastern Railroad Co.,* 143 Miss. 587, 108 So. 799, recently decided by this court.

Consequently, under rule 14 of this court, the motion should be and is dismissed.

*Dismissed.*