771 So.2d 415 (2000)
Santorio P. STRIBLING, Appellant,
v.
Joseph B. HAUERKAMP, Appellee.
No. 1999-CA-00951-COA.
Court of Appeals of Mississippi.
November 14, 2000.
Bennie L. Jones Jr., West Point, Jeremy B. Chalmers, Attorneys for Appellant.
J. Niles McNeel, Louisville, Attorney for Appellee.
BEFORE KING, P.J., MOORE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Santorio P. Stribling appeals, asserting the following issue:
I. DID THE TRIAL COURT ERR BY DIRECTING A VERDICT IN FAVOR OF HAUERKAMP PURSUANT TO M.R.C.P. RULE 50(a)?

FACTS
¶ 2. At approximately 10:30 p.m. on the evening of February 22, 1998, the Hauerkamp family was traveling south on U.S. Highway 45 in Lowndes County. Mr. Hauerkamp was operating a 1995 Chevrolet Tahoe. Hauerkamp was driving approximately fifty to fifty-five miles per hour. The speed limit on Highway 45 is fifty-five miles per hour. There was no dispute as to the speed of the Hauerkamp *416 vehicle at trial. It was intermittently misting rain.
¶ 3. Stribling, who was driving a 1991 Acura, was exiting a private driveway that met Highway 45. Stribling came to a stop at the end of the driveway, and after seeing the location of Hauerkamp's vehicle, decided that he had enough time and distance to make a left turn across the southbound lane of the highway and on to the northbound lane. Stribling testified that when he began to exit the driveway he had a clear line of sight of the Hauerkamp vehicle, and that it was approximately ninety to one hundred feet away.
¶ 4. Hauerkamp testified that when he initially saw Stribling's vehicle exiting the driveway he was approximately ninety feet away. Mrs. Hauerkamp, who was sitting in the passenger side of the vehicle, screamed, "He's gonna pull out." Hauerkamp testified that he swerved to the right, then back to the left in an attempt to avoid the collision; however, a collision ensued before Mrs. Hauerkamp completed her sentence.
¶ 5. Hauerkamp collided with Stribling approximately on the centerline of the highway. Stribling testified that at the time of the impact one fourth of his vehicle was still in the southbound lane. Hauerkamp testified that a quarter to half of Stribling's vehicle was still in the southbound lane at the time of impact. Stribling's vehicle came to rest directly across the highway from the private drive which he exited from. Neither Stribling nor Hauerkamp admitted to their respective vehicles suffering any auto-mechanical difficulties prior to the accident. Both drivers testified that they had their lights on at the time of the collision.
¶ 6. At trial, Stribling made the following statements:
Q. Do you think he was totally responsible for the accident?
BY MR. McNEEL: Same objection.
BY THE COURT: Overruled.
A. No, sir.
BY MR. JONES: (Continuing)
Q. Any way do you say you don't think he was totally responsible for the accident?
A. Because I think that, you know, probably at the time I shouldn't have, you know, pulled out. I shouldn't have pulled out at the time.
Q. Why do you think Mr.why is it your opinion that Mr. Hauerkamp is partly responsible for this accident?
A. Because I felt that he could have avoided me. I felt that I was farther over into the northbound lane to be avoided.
¶ 7. Finding that the facts were not in dispute and Stribling was the sole cause of the accident, the trial court judge granted a motion for directed verdict at the close of the plaintiff's case.
¶ 8. Finding no error on the part of the trial court, we affirm.

ANALYSIS
¶ 9. The operative statute in the case sub judice states that "[t]he driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway." Miss.Code Ann. § 63-3-807 (Rev. 1996). It is further made clear that "[t]he driver of a vehicle shall stop as required by this chapter at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway as to constitute an immediate hazard." Miss.Code Ann. § 63-3-805 (Rev. 1996). This statute has been interpreted to include vehicles "about to enter or cross a through highway from a private road or driveway." Jones v. Carter, 192 Miss. 603, 7 So.2d 519, 520 (1942).
¶ 10. It is the law in Mississippi that questions of fact are for the jury and questions of law are for the trial court. Cantrell v. Lusk, 113 Miss. 137, 73 So. 885 (1916). Therefore, the logical result is *417 that when the facts are disputed in a case where the question is whether the defendant's operation of a vehicle constituted an immediate hazard, the question is one for the jury to decide. Caves v. Smith, 259 So.2d 688, 690 (Miss.1972). See also Jones, 7 So.2d at 520; Junakin v. Kuykendall, 237 Miss. 255, 114 So.2d 661 (1959). Furthermore, in considering a motion for directed verdict, this Court must consider whether the "evidence in opposition to the motion was of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment could differ as to the verdict." Collins v. Ringwald, 502 So.2d 677, 678 (Miss.1987). If so, the motion must be denied and the verdict will stand.
¶ 11. In the case at hand, there is no dispute that Hauerkamp was traveling approximately fifty to fifty-five miles per hour. There is also no dispute that the Hauerkamp vehicle was approximately ninety feet away when Stribling pulled out of the private drive to cross Hauerkamp's lane of traffic. As established in Davidian v. Wendell, 37 So.2d 570, 574 (Miss.1948),
as a matter of mere mathematical calculation that at 30 miles per hour a car travels 44 feet per second; at 35 miles per hour, 51.33 feet per second; at 40 miles per hour, 58.66 feet per second; at 45 miles per hour, 66 feet per second; at 50 miles per hour, 73.33 feet per second; at 55 miles per hour, 80.66 feet per second; at 60 miles per hour, 88 feet per second; and at 65 miles per hour ... 95.33 feet per second.
Assuming the scenario most favorable to Stribling, that Hauerkamp was one hundred feet away and traveling at fifty miles per hour, this afforded Stribling less than 1.25 seconds to cross Hauerkamp's lane from a stopped position. Therefore, there is no question of fact for the jury because crossing the lane from a stopped position in 1.25 seconds is impossible. It can be said with certainty that the motion was properly granted due to the fact that reasonable and fair-minded jurors in the exercise of impartial judgment could not disagree that Stribling was the sole cause of the accident.
¶ 12. The case at hand has an extremely similar fact pattern as McKinzie v. Coon, 656 So.2d 134 (Miss.1995). In McKinzie, the plaintiff was driving southeast on a highway when Coon attempted to cross the highway at an intersection and a collision ensued. Id. at 135. McKinzie testified that she did not see that Coon was attempting to cross the highway until she was approximately seventy-five feet from the intersection, at which time she applied her brakes. Id. Coon testified that he did not see McKinzie's vehicle at all, and that she had "come out of nowhere." Id. at 137. The court held that there was no conflicting evidence presented. Id. at 141. Coon did not testify that McKinzie was speeding or was otherwise negligent. Id. To the contrary, two disinterested witnesses testified that McKinzie was between 100 and 200 feet from the intersection when Coon pulled out and that there was nothing she could do to avoid the collision. Id. Reversing the lower court, and granting McKinzie's motion for directed verdict, the supreme court held that reasonable jurors could not have reached a verdict other than the negligence of Coon. Id. at 142.
¶ 13. In contrast to McKinzie and the case sub judice is Caves v. Smith, 259 So.2d 688 (Miss.1972). In Caves, the defendant was driving west on a highway at a speed of approximately fifty-five miles per hour. Id. at 690. Smith, the plaintiff, entered the highway from a private drive which met the highway in order to begin traveling east. Id. As Smith entered the highway and angled toward the east, Caves collided with the front left side of Smith's vehicle. Id. Caves testified that Smith began entering the highway approximately twenty feet ahead of Caves. Id. Caves also testified that Smith did not come to a stop at the end of the driveway. Id. Smith testified that he not only came to a complete stop at the end of the driveway, *418 but looked both to the east and the west before entering the highway. Id. The court specifically stated that because the facts were in dispute, liability was a question for the jury to decide. Id. at 691.
¶ 14. Like McKinzie, and unlike Caves, there is no dispute of fact in the case at hand. Stribling not only agrees with Hauerkamp as to the details of the factual scenario of the accident, he admits to being at fault, even though he likewise faults Hauerkamp. Because there is no factual dispute presented, only a legal application remains. Hauerkamp was not traveling at an excessive speed and Stribling had a clear line of sight, as demonstrated by the exhibit Stribling offered into evidence. Finding that Stribling was the sole cause of the accident, the trial judge found that the facts presented were not enough to meet the "immediate hazard" test set out in Miss.Code Ann. § 63-3-805 (Rev. 1996). Furthermore, the trial judge found that the evidence in opposition to the motion was of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment could not possibly differ as to the verdict in favor of Hauerkamp.
¶ 15. Although we are loathe to take a case from a jury, under the stark facts of this case we are left with no other conclusion other than the fact that the trial court was correct in granting the motion for directed verdict in Hauerkamp's favor.
¶ 16. THE JUDGMENT OF THE NOXUBEE COUNTY CIRCUIT COURT GRANTING A DIRECTED VERDICT IN FAVOR OF APPELLEE IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, MYERS, AND PAYNE, JJ., CONCUR.