GRIFFIS, P.J.,
for the Court:
¶ 1. Victoria Brent filed suit against Lisa Wansley in the County Court of Hinds County for personal injuries arising from a car accident. The jury returned a verdict in favor of Brent in the sum of $55,000. Wansley appealed, and the Circuit Court of Hinds County affirmed the judgment. Wansley again appealed, and her appeal was deflected to this Court. Here, Wans-ley argues that the trial court erred when it refused to instruct the jury on comparative negligence. We find reversible error and remand for a new trial.
FACTS
¶ 2. On August 10, 2006, Brent left her office to go to lunch. She was traveling south on Hanging Moss Road, in Jackson, Mississippi. She was involved in an accident that occurred on Hanging Moss Road at the entrance to the parking lot of Save-A-Lot, a grocery store. At this location, Hanging Moss Road has two northbound lanes, a center turn lane, and two southbound lanes.
¶ 3. Daniel Wiggins was the driver of an eighteen-wheel tractor trailer. Wiggins’s truck was also headed south on Hanging Moss Road. Wiggins testified that his truck was waiting to make a right turn into the Save-A-Lot parking lot. He said that his truck was straddling the line between the two southbound lanes of Hanging Moss Road. Wiggins testified that he could not enter the parking lot because Wansley’s vehicle was at the entrance. Wansley was waiting to turn left to travel north on Hanging Moss Road. Wiggins testified that he could not enter the parking lot while Wansley’s vehicle was at the entrance, so he waited for her to move.
¶ 4. Brent was traveling south and approached from Wiggins’s rear. Wiggins testified that Brent entered the center turn lane to pass his truck. As Brent did so, Wansley pulled out from the Save-A-Lot parking lot. Their vehicles collided.
¶ 5. Brent testified at trial that she did not know whether Wiggins’s truck was straddling the two southbound lanes, but she claimed, contrary to Wiggins’s testimony, that she did not enter the center lane.
¶ 6. The trial consisted of testimony from only Brent and Wiggins. At the conclusion of the evidence, the trial court gave several jury instructions. The trial judge gave an instruction (P-10) that would allow the jury to find Wansley negligent and render a verdict for Brent. Wansley asked for an instruction (D-17) that would allow the jury to assess comparative fault of both Wansley and Brent, but the trial court refused to give this instruction. Wansley also asked for an instruction (D-18) that would allow the jury to find Brent negligent and render a verdict for Wansley. Instruction D-18 reads:
Should you find from a preponderance of the evidence that the Plaintiff [ (Brent) ] *127 committed one or more of the following acts:
1. Fail[ed] to maintain a proper lookout;
2. Failed to use reasonable care; and
3. Failed to keep her vehicle under proper control.
Then you may find that [Brent] was negligent. Should you further find by a preponderance of the evidence that the negligence of [Brent] caused the accident in question, then your verdict shall be for the Defendant [ (Wansley) ].
¶ 7. The following discussion occurred about Instruction D-18 during the jury-instruction conference:
Brent’s counsel: Again, this is a generic thing that does not fit, does not incorporate any of the facts. Quite frankly, it’s extremely vague. We don’t dispute that plaintiff had certain duties, but just to pop up into the jury’s face and say if you find the plaintiff did commit this, this, and this but don’t say — it doesn’t incorporate the facts, Your Honor. I think it’s a vague and improper instruction.
Wansley’s counsel: Your Honor, it is the same as 10 and 11. The plaintiff gets two; we get two. There’s nothing here that is wrong. The plaintiff has a duty to maintain a proper lookout. She has a duty to use reasonable care and to keep her vehicle under control.
Brent’s counsel: Just to move it on, we will withdraw our objection to D-18. The Court can give it.
¶ 8. The jury was instructed it could find that either Brent or Wansley was negligent. The jury was not permitted to consider and find comparative negligence. The jury returned a verdict against Wans-ley in the amount of $55,000. The trial court entered a final judgment consistent with the jury’s verdict, and it is from this judgment that Wansley appeals.
STANDARD OF REVIEW
¶ 9. In Burton ex rel. Bradford v. Barnett, 615 So.2d 580, 583 (Miss.1993), the Mississippi Supreme Court held:
On appeal, this Court does not review jury instructions in isolation; rather, they are read as a whole to determine if the jury was properly instructed. Defects in specific instructions do not require reversal “where all instructions taken as a whole fairly — although not perfectly — announce the applicable primary rules of law.” However, if those instructions do not fairly or adequately instruct the jury, we can and will reverse.
(Internal citations omitted).
ANALYSIS
¶ 10. The only issue on appeal is whether the trial court erred when it failed to instruct the jury on comparative fault. Here, Brent withdrew her objection to the instruction offered by Wansley that allowed the jury to be instructed it may find that either Brent or Wansley was negligent. Yet the jury was not permitted to find comparative negligence.
¶ 11. Wansley argues that the trial court’s rejection of the comparative-fault instruction (D-17) constitutes reversible error because: (1) the instructions granted did not reflect Mississippi law on comparative fault; (2) the instructions caused confusion among the jurors; and (3) the instructions did not allow the defendant’s comparative-negligence theory of the case to be considered by the jury.
¶ 12. Wansley is correct. Mississippi Code Annotated section 11-7-15 (Rev. 2004) provides:
*128 In all actions hereafter brought for personal injuries, ..., the fact that the person injured, ... may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property.
Indeed, in Burton, the supreme court held that “Mississippi is a pure comparative[-]negligence state.” Burton, 615 So.2d at 582 (citations omitted). The supreme court explained:
Under the comparative[-]negligence doctrine, negligence is measured in terms of percentage, and any damages allowed shall be diminished in proportion to amount of negligence attributable to the person for whose injury, damage[,] or death recovery is sought. Where negligence by both parties is concurrent and contributes to injury, recovery is not barred under such doctrine, but plaintiffs damages are diminished proportionately, even to the extent that negligence on the part of the plaintiff was ninety percent (90%) and on the part of the defendant was ten percent (10%), the plaintiff would be entitled to recover theoretically that ten percent. Therefore, a plaintiff, though himself negligent, may still recover from a defendant whose negligence contributed to his injuries. Comparative negligence thus diminishes but does not bar recovery.
Id. (citations omitted).
¶ 18. Wansley argues that if a jury can properly find that failure to maintain a proper lookout could render either driver guilty of negligence, then logically it should follow that both drivers could potentially have been negligent, and the jury was entitled to the option of apportioning fault or damages between the two parties. She is correct.
¶ 14. Brent argues that when a motorist enters a highway from a private driveway, that motorist is the sole cause of any resulting accident. Brent cites Stribling v. Hauerkamp, 771 So.2d 415, 417 (¶ 11) (Miss.Ct.App.2000). The legal principle cited by Brent is simply not the holding in Stribling. Rather, in Stribling, this Court concluded that a directed verdict is appropriate where there is no evidence that the plaintiff acted negligently in an automobile-collision case where the defendant negligently attempted to cross a highway and was struck by the plaintiffs car. Id. at 418 (¶ 14).
¶ 15. Brent also argued that refusal to grant a comparative-negligence instruction was supported by Rotwein v. Holman, 529 So.2d 173, 174-75 (Miss.1988). There, the defendant rear-ended a car as she exited a parking lot. The defendant admitted negligence during voir dire, and the trial court gave a peremptory instruction on liability. Id. Here, there was no admission of negligence by Wansley. Instead, Brent conceded there was a potential question of fact on the issue of negligence. Brent withdrew her objection to instruction D-18 and agreed that the jury should be allowed to consider Brent’s own negligence. Thus, by Brent’s own admission, her negligence was a factual issue for the jury to decide.
¶ 16. Wansley also argues that the jury instructions resulted in confusion on the part of the jury. Wansley claims that the jury was faced with instructions that allowed it to find Wansley negligent or to find Brent negligent, but it could not find that both were negligent. Wansley points us to the fact that, during their deliberations, the jury sent out a note which asked: “May we award a lesser amount?” The trial judge responded with the following admonition: “Just follow jury instruc *129 tions.” The jury then returned their verdict against Wansley in the amount of $55,000. Wansley cites this as proof that the jury was confused whether they could apportion negligence between Brent and Wansley rather than finding one party solely negligent.
¶ 17. When taken in their entirety, we conclude that the jury instructions failed to instruct fairly or adequately the jury as to the law of comparative negligence and did not provide a format for an apportionment of fault or damages. Therefore, we reverse and remand this case for a new trial consistent with this opinion.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., MYERS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CARLTON, J. RUSSELL, J., NOT PARTICIPATING.