MYERS *v.* TIMS.

(Division B. Jan. 4, 1932.)

[138 So. 578. No. 29615.]

Lester E. Wills, of Hattiesburg, for appellant.

John A. Sykes, of Gulfport, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The facts in this case so completely demonstrate the fault of appellant in the collision that a peremptory instruction for appellee on the issue of liability might have been given, and, except for the occasion which this case furnishes for passing upon a question or right which

seems to be much misunderstood at this time, we would affirm without an opinion.

Appellant and appellee were driving their automobiles in opposite directions on Thirteenth street in the city of Gulfport. This street is one hundred feet wide, and, under the ordinances of said city, is what is known as a right of way street. When appellee arrived at the intersection of Twenty-sixth avenue, and desiring to turn north into that avenue, she gave the proper signal, reduced her speed, and turned to the northward towards the north intersection of said avenue. At the time she started upon her turn to the northward, appellant was to the east a distance of two hundred twenty-five feet; but before appellee could negotiate the distance of some sixty or seventy feet to clear into Twenty-sixth avenue, appellant reached the course of her passage, and collided with her car at a point just about on the north line of said Thirteenth street where said Twenty-sixth avenue entered upon Thirteenth street. In other words, the collision was not entirely within Thirteenth street, but was on the north line thereof at the entrance or intersection of Twenty-sixth avenue; this odd situation having been brought about by the skidding of appellant's car when he suddenly put on brakes just before he reached the point where appellee was crossing ahead of him. It is clear from the evidence, or at least the inference is one which the jury could hardly fail to draw therefrom, and which apparently they did draw, that appellant, because he was on the right of way street, supposed he had the right, and proceeded to assert the privilege, whether right or wrong, to continue on his way without any slackening of speed until too late—he assumed that no vehicle should or would undertake to cross ahead of him when he was in sight, although he was two hundred twenty-five feet away when appellee started across.

This brings into review a great abuse, and infringement of right and good order, which has resulted from recent municipal ordinances giving what is commonly known as the right of way on certain designated streets. The automobile has today become of such general use and the practices in respect to that use, both rural and urban, are so generally observed, that these practices have now come within that general and universal knowledge of which courts may take judicial notice. We know, therefore, that these right of way streets have now become race courses, where those thereon as a rule have come to regard others who wish to cross as having no rights which those on the said so-called favored or right of way streets are required to respect or regard. If this were only a violation of good manners, or involved only a neglect of a polite regard for the requirements of others, it would be a matter with which courts would have nothing to do. But this claim and practice of racing upon right of way streets and this exclusion from the proper privilege of crossing said streets has developed into a constant violation of law and an infringement of legal right, touching which the courts are called upon to interfere.

It is beyond the power of any municipal council to grant in their so-called right of way ordinances any such privileges as are to-day being asserted by the average of the drivers along right-of-way streets. The only right that these ordinances give, or validly can give, is this: When a vehicle traveling on a right of way street arrives at the intersection of a cross street at approximately the same time that a vehicle on the cross street arrives at the point of intersection, then the vehicle on the right of way street has the privilege to proceed, and this is the extent of the rule. But the supposed right of those on the favored street to proceed at full speed so long as they have come within sight of the crossing, or of those there attempting to cross, is no valid right, and

the assertion and exercise thereof is simply a violation
of law, and the general practice in so violating the law
makes it none the less than it is—a violation of the law—
and those guilty must respond in damages, both actual
and punitive, if in the discretion of the court and jury
the case be such as to warrant damages of the latter kind.
Most of the authorities, not entirely harmonious, but, in
general, confirmatory of what we have above said, are to
be found in 3-4 (9 Ed.) Huddy's Cyclopedia of Auto-
mobile Law, section 151 et seq.

Affirmed.