GOUGH *v.* HARRINGTON *et ux.*

(Division A.   April 18, 1932.)

[141 So. 280.   No. 29928.]

Gabe Jacobson and **Chas. B. Cameron,** both of Meridian, for appellant.

Marshall Amis, and Dunn & Snow, all of Meridian, for appellees.

Argued orally by **Charles B. Cameron**, for appellant, and **Marshall Amis**, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellant, R. K. Gough, sued Mr. and Mrs. J. S. Harrington for damages for personal injuries sustained by him by reason of a collision of automobiles at the intersection of B street and Twenty-Second avenue in the city of Meridian. On the trial of the cause before a jury a verdict was returned in favor of the appellees, and from the judgment entered in pursuance thereof this appeal was prosecuted.

In the city of Meridian B street runs east and west and crosses Twenty-Second avenue, which runs north and south, at right angles. At the time of the collision, the appellant was driving his automobile eastward along B street, while the appellees' automobile was traveling north on Twenty-Second avenue. The testimony as to whether or not the appellant stopped his automobile before entering Twenty-Second avenue, the speed of the respective automobiles, the location of appellees' automobile at the time apppellant entered the intersection, and the acts of the respective drivers in attempting to pass over the intersection of these streets and avoid a collision, is sharply conflicting, and presented issues of fact for the consideration of the jury in determining whether the respective parties were guilty of negligence which contributed to the injury of the appellant, and a detailed statement of this testimony would not aid in understanding the points to be hereinafter discussed.

The appellant complains of the action of the court below in excluding the testimony of a witness as to the identity of the driver of appellees' automobile, and the speed of the automobile, at a point several hundred yards from the point of the collision. The testimony of the witness as to the speed of the automobile at a point several hundred yards from the point of the collision was properly excluded, and there is some controversy between counsel as to whether or not the record shows that the

testimony of this witness as to the identity of the driver of appellees' automobile was excluded by the court below. In view of the fact that this cause must be reversed upon other grounds, it will be unnecessary to consider this controversy, since the error in excluding the testimony of the witness as to the identity of the driver of the automobile, if it was in fact excluded, may be corrected upon another trial of the cause.

The appellant also assigned as error the action of the court in granting to the appellees certain instructions which were admittedly based upon an ordinance of the city of Meridian, designated "Boulevard Ordinance," which is entitled "An Ordinance to Regulate Public Travel on the Streets and Highways in the City of Meridian, Mississippi," and which is, in part, as follows: "Section 5. Right of way at intersections. . . . B The following streets are hereby declared to be boulevards, on which all vehicles shall have the right of way over vehicles crossing the same, namely; . . . 22nd avenue from Mobile and Ohio Railroad south to the city limits; C At all street crossings on the above named boulevards, and at dangerous crossings on all other streets, appropriate traffic signs shall be maintained by the Superintendent of Public Safety; and vehicles entering or crossing any boulevard or dangerous crossings shall stop before entering or crossing the same, and proceed with caution. The drivers of vehicles approaching all other street crossings must have the vehicle under control, and approach the same with caution."

In criticism of the instructions based upon these provisions of the ordinance, the first contention of the appellant is that these sections were not introduced in evidence, and there was therefore no basis for the instructions. Upon the point as to whether the boulevard ordinance was proven, in an effort to show that this ordinance was introduced in evidence by agreement of counsel, sworn statements of counsel representing the respec-

tive parties were offered upon the hearing of a motion for a new trial. The most that can be said of this testimony of counsel who participated in the trial of the cause is that it establishes clearly a misunderstanding between them upon this point. The controversy over this point, however, becomes immaterial, in view of the fact that we have reached the conclusion that, even though the ordinance was in evidence, the instructions which were based thereon, and which define the rights and duties of travelers on the streets and avenues affected thereby, were erroneous, and necessitate a reversal of the judgment of the court below.

The first instruction complained of reads as follows: ''The court instructs the jury for the defendants that it was the duty of the plaintiff to stop his car on approaching the intersection of B street and 22nd avenue, before driving into the intersection thereof, and the jury are further instructed that if they believe from the evidence that the plaintiff, before entering the intersection saw the defendant's car approaching the same at a time when it was being driven at such rate of speed, as would indicate to a person in the exercise of reasonable prudence that the car would reach the intersection before it could reasonably be cleared by the plaintiff, then the plaintiff was guilty of negligence in driving his car into the said intersection, and if the jury believes from all the evidence in the case that such negligence, if any, on the part of the plaintiff was the sole proximate cause of the accident then it is the duty of the jury to find for the defendants, even though the jury may further believe that the defendant's car was at the time being driven at a high rate of speed.''

By this instruction the jury was informed that under this ordinance it was the duty of the appellant, not only to stop before entering the right of way street, but to remain standing until the appellees' automobile had passed over the intersection, provided he saw the ap-

pellees' automobile approaching the intersection at a rate of speed which made it reasonably apparent to him that it would reach the intersection before he could safely cross. In so defining the rights of travelers on right of way streets, this instruction is in conflict with the doctrine announced in the case of Myers v. Tims (Miss.), 138 So. 578, 579, and unduly extends any supposed rights conferred by such ordinances. Under the rule announced in this instruction a motorist traveling a right of way street is relieved of all duty to motorists entering the intersection of such street and cross streets, provided he comes within view or sight of the intersection before such motorist enters it. It is a matter of common knowledge that during the peak hours of travel on many of the right of way streets of our cities there is scarcely a moment when there is not an approaching automobile in sight of the intersections of cross streets, and the enforcement of the rule announced in this instruction would practically block or eliminate travel on streets crossing busy right of way streets.

Ordinances granting a right of way on designated streets do not confer on those on the favored streets the right to proceed at full or unslackened speed so long as they have come within sight of the crossing before another enters the intersection, but a motorist on a right of way street who is approaching the intersection of a cross street must bring his vehicle under control, having due regard for the rights and safety of those having the first right to enter the intersection. The applicable rule for determining the respective rights conferred by such ordinances is stated in Myers v. Tims, supra, in the following language: ''When a vehicle traveling on a right of way street arrives at the intersection of a cross street at approximately the same time that a vehicle on the cross street arrives at the point of intersection, then the vehicle on the right of way street has the privilege to

proceed, and this is the extent of the rule.'' The above-quoted instruction is not in accord with this rule, and is therefore erroneous, as is also instruction numbered 8, the effect of which is in substance the same.

The appellant next complains of an instruction reading as follows: ''The court instructs the jury for the defendants, that if you believe from all the evidence in the case the plaintiff drove his car into the intersection of 'B' street and 22nd avenue, and while he was on the west side of or at the center of 22nd avenue, he realized there was danger of an accident occurring between his car and the car of the defendant, if he drove his car on to the east side of the center of 22nd avenue, it then became and was the duty of the plaintiff to stop his car, or use other reasonable means to avoid an accident, and not to try to cross or pass in front of the defendant's car, and if you further believe from the evidence that the plaintiff under such circumstances gave his motor more gasoline in an effort to speed up his car and to pass in front of the defendant's car, and that such act on the part of the plaintiff and his failure to stop his car or use other reasonable means to avoid the accident, was the sole proximate cause thereof, it will be your duty to return a verdict in favor of the defendants.''

This instruction informs the jury that if, on reaching the center of twenty-Second avenue, the appellant realized there was danger of a collision if he drove his car on to the east side of the center of the avenue, it was his duty to stop or use other reasonable means to avoid an accident, and it peremptorily instructed the jury that it was negligence on his part to attempt to cross or pass in front of defendants' car. If, while exercising due caution for his own safety, the appellant reached the center of the avenue before he discovered that he was confronted with an emergency which indicated danger from the approaching automobile, it was not necessarily negligence for him to speed up in an attempt to cross ahead

of the approaching automobile. His power or ability to stop the automobile before it rolled into the path of danger, as well as all circumstances and conditions with which he was confronted, enters the equation, and the jury should have been left free to determine whether, under all the circumstances and conditions with which he was confronted at the time, as shown by the evidence, he was guilty of negligence in attempting to avoid a collision by speeding up for the purpose of more quickly clearing the crossing.

For the errors indicated in these instructions, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.