JONES *v.* CARTER.

(In Banc.   April 13, 1942.   Suggestion of Error Overruled May 11, 1942.)

[7 So. (2d) 519.   No. 34915.]

**Roy N. Lee** and **Joe Sid Mize,** both of Forest, for appellant.

Troy W. Mashburn, S. L. McLaurin, and J. C. Murray, all of Brandon, for appellee.

**McGehee, J.,** delivered the opinion of the court.

The judgment here appealed from is one for damages sustained on account of personal injuries received by the plaintiff, Mrs. Carrie Carter, while riding in an automobile driven by her husband on U. S. Highway 80, traveling west, about two miles east of Pelahatchie, Mississippi, late in the afternoon, when he drove the same against the side of an automobile driven by the defendant, O. G. Jones, at a time when the defendant's automobile was leaving a so-called intersection extending from the front of Abernathy's Store on the south side of the said paved highway to the north side thereof, from whence a graveled road, connecting with the pavement, runs in a northeasterly direction.

The proof discloses without dispute that at the time of the accident, the defendant's automobile had crossed the 20 foot paved portion of the highway to such an extent that the front wheels thereof had entered onto the graveled road, extending from the north side of the pavement as aforesaid, and that the rear wheels were at least half way between the center stripe of the paved highway and the north edge thereof, after the said automobile had left from a standstill position in front of Abernathy's Store, which was situated approximately 44 feet from the south

side of the pavement, and had crossed to the north side of the highway for the purpose of going onto the said graveled road; that the approaching automobile in which the plaintiff was riding on the said U. S. Highway 80, traveling west as aforesaid, came into view for the first time from around a curve and over a small hill 468 feet east of the scene of the accident; that the driver of this car could and did see the defendant's car at all times while approaching it from that distance; that he did not undertake to check his speed until he got within 43 feet of the defendant's car, then skidded from that point all the way until the collision occurred, driving with his right wheels off the pavement nearly 18 inches to the north side thereof. Therefore, aside from the fact that the testimony of all of the witnesses in the case discloses that the defendant's car was clearing the intersection at the time it was struck, the relative position of the two cars at the time of the impact was conclusively established by the fact that the car in which the plaintiff was riding was partly on and partly off the pavement north of the center stripe of the highway when it crashed into the side of the other car.

It would appear from the testimony of the highway patrolman, who was introduced as a witness for the plaintiff, that the defendant's car had necessarily entered onto the intersection to cross the same when the other car first came in sight 468 feet away; that otherwise, it could not have reached the point where it was struck by this approaching car within the time that the latter ran the distance from where it first came in sight down to the place of the accident, at the rate of speed at which it was admittedly traveling. But, without going into detail as to all of the testimony or making mention of the reasonable inferences to be deduced from certain facts which were established to a mathematical certainty by the proof offered on behalf of the plaintiff, it is sufficient to say that the case presented is extremely close on the question as to whether the defendant was entitled to a peremptory

instruction in his behalf. At any rate, we are of the opinion that the case should be reversed and remanded on account of the verdict being contrary to the overwhelming weight of the evidence.

Sections 70(a), 72(a) and 73 of Chapter 200, Laws of 1938, requiring the driver of a vehicle to stop at the entrance to a through highway and yield the right-of-way to other vehicles which have entered the intersection from said highway or which are approaching so closely from said through highway as to constitute an immediate hazard have no application to a case where the driver of a vehicle comes to the entrance to a through highway and has entered into the intersection before it has been entered by a vehicle from said through highway or has entered thereon before a vehicle on the through highway has approached so closely as to constitute an immediate hazard. On the contrary, the question of liability is controlled in such case by the principles announced in the cases of: Myers v. Tims, 161 Miss. 872, 138 So. 578; Gough v. Harrington et ux., 163 Miss. 393, 141 So. 280; Whatley v. Boolas, 180 Miss. 372, 177 So. 1; and Coca-Cola Bottling Works of Greenwood et al. v. Hand, 186 Miss. 893, 191 So. 674. In other words, the statute of 1938, supra, does not require the driver of a vehicle who has already entered onto an intersection with a through highway to yield the right-of-way to an approaching vehicle which has neither entered the intersection nor approached so closely thereto from said through highway as to constitute an immediate hazard. This is likewise true as to a vehicle about to enter or cross a through highway from a private road or driveway. That is to say, Section 73 of Chapter 200, Laws of 1938, supra, is to be construed in connection with Section 72(a) thereof governing the rights and obligations of drivers of vehicles when reaching the entrance to a through highway.

It should also be noted that over the objection of the defendant, he was asked as to how much money he had, where it was being kept and about a transfer to his

daughter of a portion of a deposit of money in a bank, and was also questioned about the conveyance of some real estate to his son, all before any testimony had been introduced as to the facts and circumstances in connection with the accident. Proof of the financial worth of the defendant in such cases is wholly inadmissible except where punitive damages are recoverable. There is no basis for even a suspicion that the defendant would be liable for punitive damages in the case at bar, nor was this a suit for discovery or to set aside alleged fraudulent conveyances. Obviously such testimony was highly prejudicial to the defendant, and while not distinctly assigned as error on this appeal, the court may, under Rule 6 of the Rules of the Court, ''at its option, notice a plain error not assigned or distinctly specified.'' We exercise the option to notice the error here in connection with the argument that the verdict is excessive and contrary to the overwhelming weight of the evidence.

Reversed and remanded.