DAME *v.* ESTES

No. 40730 April 7, 1958 101 So. 2d 644

*Owen T. Palmer, Jr.,* Gulfport, for appellant.
*Eaton Cottrell & Galloway,* Gulfport, for appellee.

HALL, J.

Appellant prosecutes this appeal from a judgment in his favor in the sum of $900 for damages for personal injuries and property damage resulting from a collision on or about January 4, 1956, between a Ford pickup truck owned by and driven by him and an automobile driven by the appellee. The appellant was traveling in a westerly direction on 47th Street in the City of Gulfport and the appellee was driving in a southerly direction on Chamberlain Avenue. There is a regulation stop sign erected on Chamberlain Avenue immediately north of the intersection requiring southbound traffic thereon to stop prior to crossing the intersection made by these two streets.

It is undisputed that the appellee did not stop or even slow down at the intersection but ran past the stop sign and into the intersection and struck the appellant's pickup truck broadside, knocking it a distance of about forty-two feet and turning it completely around.

The appellant requested and was refused an instruction which would have authorized the jury to award him punitive damages and the court granted the appellee an instruction telling the jury that they could not award punitive damages in this case. That is the first point argued. In the case of Hadad v. Lockeby, 176 Miss. 660, 670, 169 So. 691, we quoted with approval from the case of Neal v. Newburger Company, 154 Miss. 691, 123 So. 861, as follows: "Punitive damages may be recovered not only for a willful and unintentional

wrong but for such gross and reckless neglect as is equivalent to such a wrong, since an act done in a spirit of wantonness and recklessness is oftentimes just as harmful as if prompted by malice.''

Immediately following this quotation we cited several other cases which hold to the same effect.

In the case of Planters Wholesale Grocery v. Kincade, 210 Miss. 712, 723, 50 So. 2d 578, we said: ''In Teche Lines, Inc. v. Pope, 175 Miss. 393, 166 So. 539, 540, the Court said: 'It is the firmly established law in this state that punitive damages are recoverable not only for willful and intentional wrong, but for such gross and reckless negligence as is, in the eyes of the law, the equivalent of willful wrong. Godfrey v. Meridian Ry. & Light Co., 101 Miss. 565, 568, 58 So. 534. There is no precise definition of gross negligence, but one of the approximate definitions may be thus expressed: Gross negligence is that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them. The facts of this case, as the statement thereof reveals, bring it well within that definition and principle. Compare Wilson v. State, 173 Miss. 372, 161 So. 744, wherein we affirmed a manslaughter conviction, as for culpable negligence, upon a state of facts in which the negligence was no more culpable than in the case now before us.' ''

██ ██ In this case the appellee was driving south at what was estimated by several witnesses to be a speed of not less than fifty miles per hour. She estimated the speed at thirty to thirty-five miles per hour. The speed limit in the City of Gulfport is thirty miles per hour. It is undisputed that the appellee either ignored or wholly failed to see the stop sign which was staring her in the face and made no effort to stop at the intersection or to even check the speed of the automobile she was driving. It was broad-open daylight, there was nothing

to obscure her vision, and she wholly failed to see the appellant's pickup truck until it was directly in front of her; and we think that under the whole record in this case the question of whether the plaintiff was entitled to recover punitive damages should have been submitted to the jury, and that consequently the lower court erred in refusing the plaintiff's requested instruction on punitive damages and in granting to the defendant the instruction telling the jury that they could not award any punitive damages to the plaintiff. For this error the judgment of the lower court will have to be reversed and the cause remanded. ■■■ Since the jury on the first trial found in favor of the plaintiff on the question of liability, the new trial will be only as to the amount of the damages.

■■■ The trial court granted the appellee the following instruction: "The Court instructs the jury for the defendant Mrs. Estes that the law does not countenance blind reliance that an operator of an automobile approachhing a stop sign will observe it, and the jury is further instructed that even though you may believe from the preponderance of the evidence that plaintiff was driving his automobile on a through street protected by stop signs, plaintiff did not have an unqualified privilege in the right-of-way, and it was his duty notwithstanding his right-of-way, to observe due care in approaching and traversing the intersection and to take such action as an ordinary prudent person would take to avoid a collision when danger was discovered, or by the exercise of reasonable care could have been discovered in time; and if you believe from the evidence that plaintiff saw defendant's automobile approach the intersection at a speed and in a manner that it could not be brought to a stop, and if you further believe from the evidence that thereafter plaintiff negligently did not observe due care in approaching said intersection or negligently failed to take due care to avoid the collision, and

that such negligence solely and proximately caused the accident, then you will find for the defendant Mrs. Estes.'' And the appellant makes complaint at this action. The main trouble with this instruction is that it places upon the appellant with undue emphasis his duty to observe due care and to avoid a collision and practically relieves the appellee from any duty to exercise due care at the intersection.

The appellee has pointed out that the City of Gulfport has an ordinance adopted in 1927 (almost in the ''horse and buggy days'') under which Mrs. Estes would have had the right-of-way at the intersection in question, but the record is without dispute and shows by the testimony of the captain of the police force and traffic safety officer, and also by the chief of police, that since that day stop signs have been erected at street intersections all over Gulfport without regard to the ordinance and with the approval of the mayor and city commissioners, and that the sign here in question was so erected. The ordinance in question was in effect at the time of the decision in the case of Myers v. Tims, 161 Miss. 872, 138 So. 578, which involved an automobile accident in the City of Gulfport occurring at a street intersection. We think that the following, taken from the opinion in that case, is particularly applicable here:

''This brings into review a great abuse, and infringement of right and good order, which has resulted from recent municipal ordinances giving what is commonly known as the right of way on certain designated streets. The automobile has today become of such general use and the practices in respect to that use, both rural and urban, are so generally observed, that these practices have now come within that general and universal knowledge of which courts may take judicial notice. We know, therefore, that these right of way streets have now become race courses, where those thereon as a rule have come to regard others who wish to cross as having no rights

which those on the said so-called favored or right of way streets are required to respect or regard. If this were only a violation of good manners, or involved only a neglect of a polite regard for the requirements of others, it would be a matter with which courts would have nothing to do. But this claim and practice of racing upon right of way streets and this exclusion from the proper privilege of crossing said streets has developed into a constant violation of law and an infringement of legal right, touching which the courts are called upon to interfere.

"It is beyond the power of any municipal council to grant in their so-called right of way ordinances any such privileges as are today being asserted by the average of the drivers along right-of-way streets. The only right that these ordinances give, or validly can give, is this: When a vehicle traveling on a right of way street arrives at the intersection of a cross street at approximately the same time that a vehicle on the cross street arrives at the point of intersection, then the vehicle on the right of way street has the privilege to proceed, and this is the extent of the rule. But the supposed right of those on the favored street to proceed at full speed so long as they have come within sight of the crossing, or of those there attempting to cross, is no valid right, and the assertion and exercise thereof is simply a violation of law, and the general practice in so violating the law makes it none the less than it is—a violation of the law—and those guilty must respond in damages, both actual and punitive, if in the discretion of the court and jury the case be such as to warrant damages of the latter kind. Most of the authorities, not entirely harmonious, but, in general, confirmatory of what we have above said, are to be found in 3-4 (9 Ed.) Huddy's Cyclopedia of Automobile Law, section 151 et seq."

Myers v. Tims, supra, has been cited and followed in numerous decisions of this Court, among which are:

Whatley v. Boolas, 180 Miss. 372, 177 So. 1; Gough v. Harrington, 163 Miss. 393, 141 So. 280; Jefferson Funeral Home v. Pinson, 219 Miss. 427, 69 So. 2d 234.

██ █ The lower court refused the plaintiff an instruction reading as follows: ''The Court instructs the jury for the Plaintiff, W. J. B. Dame, that every operator of an automobile has the right to assume and to act upon the assumption that persons driving other vehicles will exercise ordinary care and caution in traveling the streets; and on the morning of January 4th, 1956, Mr. Dame had the right to assume and to act upon the assumption as he approached the intersection of Chamberlain and 47th in the City of Gulfport that the defendant herein Mrs. Estes would exercise ordinary care and caution as she approached the intersection.''

We think that this instruction is incomplete and was properly refused for the reason that it did not state that he could rely on the assumption that Mrs. Estes would exercise ordinary care and caution as she approached the intersection only until he knew or should have known in the exercise of ordinary care that Mrs. Estes was not going to slow down or stop. We had occasion to deal with this subject in the comparatively recent case of Harris v. McCuiston, 217 Miss. 601, 609, 64 So. 2d 692, wherein we quote with approval the following statement from 60 C. J. S. 735, Motor Vehicles, Par. 317, which had theretofore been recently quoted with approval in Rawlings v. Inglebritzen, 211 Miss. 760, 52 So. 2d 630:

'' 'A motorist's right to assume that the driver of a vehicle proceeding in the opposite direction will obey the law of the road exists only until he knows, or in the exercise of ordinary care, should know otherwise. Accordingly, he may rely on the assumption that the driver of a vehicle approaching on the wrong side of the road will turn to his own right side in time to avoid danger, and that a vehicle approaching on its own right side of the road will remain on that side, until, and only until, he

sees or, in the exercise of due care, should see that the driver of the approaching vehicle will not do so, as where it becomes apparent that the driver of the approaching vehicle is unable seasonably to turn into the right side of the road and avoid danger.' "

The trial court granted the appellee an instruction on comparative negligence. The instruction is drawn, or attempted to be drawn, under Section 1454, Code of 1942 Recompiled, and we probably would not reverse the case with the instruction as it was granted, but we point out that it does not follow the language of said Section 1454 as we think it should.

The appellant also complains that the amount of damages awarded is grossly inadequate and that his motion for a new trial should have been granted. Since the case will have to be retried on the question of damages, we do not pass upon the inadequacy of the verdict, but for the reason above-given we are of the opinion that the motion for a new trial should have been sustained.

Reversed and remanded.

*Roberds, P. J., Lee, Kyle* and *Holmes, JJ.,* concur.