INZER, Justice:
This is an appeal from a jury verdict rendered in favor of the defendants, D. D. Ballard, d/b/a Ballard Construction Company and John C. Thrasher, in the Circuit Court of the First Judicial District of Hinds County, Mississippi, in a suit brought by appellant, Mrs. Barbara H. Matthews, for bodily injuries which she allegedly sustained as the result of a collision which took place on July 6, 1966, at 12:30 P.M. at the intersection of Meadowbrook Road and the frontage road/Old Canton Road in Jackson, Mississippi.
The following testimony and facts are relevant to this appeal: John C. Thrasher, while engaged in his duties as an employee of D. D. Ballard, d/b/a Ballard Construction Company, drove a Chevrolet dump truck loaded with 15 yards of sand in a northerly direction on Interstate 55 North and turned off the highway and onto the east exit ramp at the Meadowbrook Road exit. Mr. Thrasher testified that he was traveling roughly fifteen to twenty miles per hour as he topped the ramp. There is a “Yield” sign on the top of the ramp. Since no traffic was coming from the left, Mr. Thrasher testified that he turned right onto Meadowbrook Road without ever stopping. According to his testimony he began to pick up a little speed, increasing to twenty- *519 twenty-five miles per hour, on the downgrade toward the intersection with the frontage road/Old Canton Road; however, he never exceeded the thirty mile per hour speed limit. It is approximately 250 feet from the intersection between the ramp and Meadowbrook Road to the point of the collision. Mr. Thrasher testified that he did not see appellant’s car until he was within seventy-five feet of it and that when he saw the vehicle he applied his brakes and turned to the right to try to avoid hitting appellant. He testified that at the speed he was going he could not stop in less than one hundred feet. He also stated that he turned to the right because he did not know but that appellant was going to stop and if he turned left and she had stopped he would hit her headon. Appellee Thrasher, when called for the plaintiff as an adverse witness, testified that when he first saw appellant’s car she was at the median nearly in the middle of the five lane intersection. After the appellant had rested, Thrasher was then called to directly testify for the defendants and stated that he had been mistaken in his earlier testimony due to the fact he was nervous, and that when he had first seen appellant she was just entering the intersection from the frontage road/Old Canton Road onto the north side of Meadowbrook Road.
Appellant testified that she looked right immediately before she started to cross the intersection and that she did not see ap-pellee’s truck. She testified that she crossed the intersection very slowly and did not again look to the right until she heard the warning scream of her passenger, Mrs. Patty Wynne. She testified that she did not have time to apply her brakes or attempt to stop or to avoid the accident. Mrs. Wynne’s testimony corroborated that of appellant in that Mrs. Wynne stated that she had looked to the right before the appellant had entered the intersection and that she had not seen appellee’s truck.
The testimony of City Patrolman Robert G. Howell, Sr., who investigated the accident, showed that the truck driven by ap-pellee Thrasher laid down a total of approximately forty-six feet, one inch, of skid marks for the left front tractor wheel; thirty-four feet, two inches, for the right front wheel; thirty-six feet, four inches, for the right rear wheel; and eight feet, eleven inches, for the left rear wheel. The appellant’s vehicle was moved sideways by the impact some sixteen feet, ten inches, and was pushed into a car driven by Mrs. Helen Champion which was stopped at the stop sign on the frontage road on the south side of Meadowbrook Road facing in a northerly direction. The Champion vehicle was then pushed sideways a total of eighteen feet, two inches. Mrs. Champion testified that when appellant entered the intersection appellee’s truck had already turned onto Meadowbrook and was well in sight.
The proof shows that appellant received multiple contusions and abrasions as a result of the accident and was admitted to Mississippi Baptist Hospital for observation on the day of the accident. After the accident appellant continued to complain of low back pain and headaches. She was hospitalized in St. Dominic’s Hospital from January 3, 1967, through January 12, 1967, for treatment with muscle relaxants and therapy. Appellant’s exhibit number nine consists of $832.83 in hospital bills, examinations, x-rays, physical therapy, drugs, and ambulance service which Dr. Mitchell, appellant’s doctor, testified were necessary and reasonable. Dr. Mitchell testified that the back x-rays were negative for fracture and bone pathology, that the x-ray of appellant’s right forearm and wrist were negative, and that a urine specimen was also negative. In July 1966 appellant was found to have muscle spasms which Dr. Mitchell attributed to the accident. The last visit that appellant made to Dr. Mitchell was on February 16, 1967.
Appellant also missed sixteen and one-half total days of work and some partial days. At the time of the accident appellant was making $290 per month. Appellant’s salary was docked for the days she did not work.
*520 Damage to the car was not sued for and plays no part in this suit.
Appellant alleges that the trial judge committed four reversible errors. It is unnecessary for us to consider but one error on this appeal, which is the fourth one assigned, namely: “The court below erred in the manner in which it allowed t.he defendant’s counsel to cross-examine and lead the defendant, John C. Thrasher, which examination resulted in prejudice to the plaintiff.” In passing, the testimony complained of was actually direct offered by the defendant Thrasher in .his own behalf.
A careful and objective review of the direct testimony of John C. Thrasher in his own behalf which was permitted as explanatory, and which is sharply contra-dictive, of the testimony which he gave when testifying as an adverse witness convinces us that a serious error was committed. This was crucial testimony in that Thrasher stated that when he first saw the appellant she was just entering the intersection of Meadowbrook Road from the frontage road/Old Canton Road. This flatly contradicts his testimony given as an adverse witness in which he stated that when he first saw her she was “about halfway through the intersection, about over the middle, by the median lane.” The direct testimony of appellee Thrasher which was objected to by appellant could easily have been taken as decisive by the jury, and, in passing, appellee’s counsel improperly led this witness on direct examination. This critical testimony could and evidently did have tremendous influence on the jury. Over the objection of the appellant, in addition thereto, this witness was permitted to testify in explanation of the irreconcilable conflicts in his testimony, given as a direct and adverse witness. These conflicts he claimed were due to the fact that he was nervous when testifying as an adverse witness, a subjective conclusion the record fails to disclose. As proof that his testimony given on direct examination was true he stated that it was the same as that which he had given formerly in a suit by Mrs. Champion who was involved in this wreck. This statement, irrelevant and improper, but redolent with authority that he had thus testified in Mrs. Champion’s suit, was given solely to bolster the testimony which he had given on direct examination and could have well been the cardinal determining factor in the jury’s decision.
Instruction number 5 of appellee was improperly drawn and therefore was properly refused by the trial court, nevertheless the appellant would be entitled to an instruction properly drawn presenting the appropriate rules of law under the evidence presented. Ries v. Sanders, 34 F.R.D. 468 (N.D.Miss.1964); Bush Construction Co. v. Walters, 250 Miss. 384, 164 So.2d 900 (1964); Gough v. Harrington, 163 Miss. 393, 141 So. 280 (1932).
We find it unnecessary to reach appellant’s contention that the verdict is against the overwhelming weight of the evidence, or that appellant should .have been granted a peremptory instruction.
In the interest of justice we feel that this cause should be retried. On a retrial the errors committed at the first trial can be avoided.
Reversed and remanded.
GILLESPIE, P. J., and RODGERS, JONES, BRADY and ROBERTSON, JJ., concur.