QUESTIONS: 1. Is the provision of s. 138.01, F.S., which limits those who may sign a petition to change the location of a county seat to "qualified electors, who are taxpayers on real or personal property," still valid? 2. May a county seat be relocated under s.138.04, F.S., only to an incorporated municipality?
SUMMARY: Under s. 138.04, F.S., it would appear that a county seat may be changed in the manner provided by Ch. 138, F.S., to any town, village, or city within the county, irrespective of whether such town, village, or city is incorporated. AS TO QUESTION 1: I must beg your indulgence and decline to give an opinion on this question. Questions as to the validity of a statute under the United States Constitution or under any of its counterparts in the Florida Constitution are matters for determination by the judicial branch of government; and it is the longstanding policy of this office to decline to rule upon the validity of a duly enacted statute. Only in rare and exceptional cases has it been found to be necessary to depart from this rule. By way of general information it should be noted, however, that it is well settled that "a statute found on statute books must be presumed to be valid and must be given effect until it is judicially declared unconstitutional." Evans v. Hillsborough County, 186 So. 193, 196 (Fla. 1938). Accordingly, inasmuch as the courts do not appear to have ruled on the validity of the language of s. 138.01, F.S., which restricts the petitioners for a change in the location of the county seat to those electors "who are taxpayers on real or personal property," the provisions of the statute should be complied with by the officials charged with calling and conducting an election under Ch. 138, F.S., unless and until the language in question is modified by the Legislature or invalidated in an appropriate judicial proceeding. It might also be noted that although the case of Kramer v. Union Free School District, 395 U.S. 621 (1969), and its progeny cast some doubt upon the validity of the statutory language about which you inquire, there is authority upon which the courts might sustain the validity of the provision in question if and when it is placed before them for determination. See Montgomery Independent School Dist. v. Martin, 464 S.W.2d 638 (Tex. 1971), in which the Texas Supreme Court affirmed the validity of a provision limiting the right to vote in bond elections to those who have some item of real, personal, or mixed property on the tax rolls. But cf., contra, Stone v. Stovall, 377 F. Supp. 1016 (N.D.Tex. 1974), presently pending before the United States Supreme Court. AS TO QUESTION 2: Article VIII, s. 1(k), of our State Constitution provides, in pertinent part:
In every county there shall be a county seat at which shall be located the principal offices and permanent records of all county officers. The county seat may not be moved except as provided by general law. The foregoing language is silent with respect to where within a county the county seat may or must be located. Accordingly, it is necessary to turn to the statutory provisions implementing the abovequoted language of our State Constitution, which include s. 138.04, F.S., reading as follows: Names of all towns, villages or cities, put forward as candidates for the county seat of any county in this state under the provisions of this chapter shall be filed with the clerk of the circuit court of such county not later than fifteen days before the date set for holding said election. (Emphasis supplied.) The above-quoted statute contains no specific language from which it may be determined whether the Legislature intended to limit the relocation of county seats only to incorporated towns, villages, or cities, nor does any other provision of Ch. 138. F.S., specifically address itself to this question. The courts in this and other states have reached different results in a variety of factual situations when called upon to determine whether the unqualified words "city," "town," and "village" — used separately or in conjunction with each other — include all such entities or only such ones as are incorporated municipalities. Cf. Osborne v. State, 14 So. 588 (Fla. 1894); Hiers v. Mitchell, 116 So. 81 (Fla. 1928); cases collected at Words and Phrases, Vol. 7, pp. 295-306; Vol. 42, pp. 164-186; and Vol. 44, pp. 454-463. The only reported decision in which the question of whether the words "city, town, or village" include all such entities or only incorporated ones has been considered in the context of a statute providing for the manner of the location or relocation of a county seat appears to be Court of Commissioners v. State, 44 So. 465 (Ala. 1907), in which the Supreme Court of Alabama concluded: Webster's International Dictionary defines village as "a small assemblage of houses in the country, less than a town or city." Indeed, this is the common acceptance of the meaning of the word, and, in the absence of something in the context of the statute to indicate that a different meaning was intended, this one should be adopted. Adopting it, as we should do, we are of the opinion that the facts show that Chatom [which was not incorporated] was . . . a village within the purview of the act. We have many villages and towns that are not incorporated; nor is incorporation necessary to constitute an "assemblage of houses in the country" — a village. There are a number of counties in this state which have not within their borders an incorporated village or town, and it must be presumed that the Legislature knew this when it enacted the statute. The reasoning which supports the foregoing conclusion appears to be equally applicable to the statutory provision in question. The words towns, villages or cities in s. 138.04, F.S., are not modified by any limiting language; and it is a well-settled rule of statutory construction that "words of common usage, when used in a statute, should be construed in their plain and ordinary sense." Pedersen v. Green, 105 So.2d 1 (Fla. 1958). Accord: Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950); Gasson v. Gay,49 So.2d 525 (Fla. 1950); American Bankers Life Assur. Co. of Fla. v. Williams, 212 So.2d 777 (1 D.C.A. Fla., 1968); Harper v. State, 217 So.2d 519 (4 D.C.A. Fla., 1969); AGO 058-276. In this respect it should be noted also that the Supreme Court of Florida, like its colleagues in Alabama, has relied on dictionary definitions of some of the words in question. Mahood v. State ex rel. Davis,133 So. 90 (Fla. 1931). And, although the definitions of the words in question have changed over the years, an examination of Webster's Third New International Dictionary (unabridged) reveals that, at least with respect to the words village and town, incorporation is not an essential element of the definition. Further, at the time of the original enactment of what is now s. 138.04, F.S. (Ch. 6239, 1911, Laws of Florida), there was at least one county seat in Florida which was not incorporated — Crawfordville, which continues to this date as the unincorporated county seat of Wakulla County — and, as noted in the Court of Commissioners case, supra, ". . . it must be presumed that the Legislature knew this when it enacted the statute." It should also be noted that in the unreported and unappealed case of Cox, et al. v. Board of County Commissioners of Collier County, Chancery No. 1114, decided November 12, 1959, the Circuit Court in Collier County entered a final decree which ratified, confirmed, and otherwise held valid the results of an election held pursuant to Ch. 138, F.S., in which election the unincorporated area known as East Naples was chosen as the new county seat for Collier County. On the basis of the foregoing, I am of the view that s. 138.04, F.S., should be construed as referring to any town, village, or city in a county, irrespective of whether it is or is not incorporated.