HAWKINS, Justice,
specially concurring in part and dissenting in part:
I concur in this case being reversed, but I would reverse and render on liability, and remand for determination of damages.
In my view the instruction of duty to yield the right of way has no application to the facts of this case. If Mrs. Ross had just stepped from the curb into the lane of traffic of an approaching vehicle, the statute, Miss.Code Ann. § 63-3-1105 (1972), might have some application. Just the reverse was true in this case. Mrs. Ross was within one or two steps of completely crossing a four-lane street when she was struck. How on earth could she “yield the right-of-way” to a car which was at some indeterminate distance up the street when she started across? Miller’s car may have been two blocks, three blocks or out of sight over the hill when she started across the street. Mississippi also has a statute requiring a vehicle entering a through highway to yield to an automobile on the highway approaching the intersection. Miss.Code Ann. § 63-3-805 (1972). We held, however, this statute has no application where the automobile coming on the through highway had already entered the intersection before it was entered by the automobile approaching on the through highway. Jones v. Carter, 192 Miss. 603, 7 So.2d 519 (1942).
The same principle of automobiles approaching an intersection, one of which is on a through highway, and the other coming out of a minor road, applies to a pedestrian crossing a street or highway. Had Miller’s car been so close as to constitute some hazard when Mrs. Ross started cross *545 ing the street, the statute might have some application. We do not know where Miller’s automobile was, however, when she started across the street, except obviously it was some distance up the street.
Also, in my view Miller was negligent as a matter of law in failing to see the plaintiff until his car was within thirty feet of her, and the plaintiff was entitled to a peremptory instruction on liability. See Robertson v. Welch, 242 Miss. 110,134 So.2d 491 (1961).
BOWLING, J., joins this opinion.