**Helen EZELL, Executrix for the Estate of Cloyd Lee Ezell, M.D., Plaintiff**

v.

**BELLSOUTH TELECOMMUNICATIONS, INC., Defendant.**

**Civil Action No. 3:96–cv–19BS.**

United States District Court, S.D. Mississippi, Jackson Division.

Feb. 10, 1997.

William R. Wright, Jackson, MS, for Plaintiff.

Lawrence J. Franck, William M. Gage, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Defendant.

## MEMORANDUM OPINION AND ORDER

SUMNER, United States Magistrate Judge.

This cause is before the Court on the Motion of Defendant for Partial Summary Judgment [docket entry 15–1], the parties having consented to trial before this Magistrate Judge pursuant to Federal Rule of Civil Procedure 73(b), and the matter having been referred to this Magistrate Judge pursuant to Federal Rule of Civil Procedure 73(a) and 28 U.S.C. § 636(c). The issue in this Motion for Partial Summary Judgment is whether the General Subscriber Services Tariff, filed with and approved by the Mississippi Public Service Commission, limits BellSouth Telecommunications, Inc.'s ("BellSouth") liability to the plaintiff to an amount equal to the proportionate part of the monthly recurring charge for the service for the period during which the service was affected. The Court, having considered the Motion, together with responses, memoranda, and other supporting documents, is of the opinion that, for the reasons described below, the Motion for Partial Summary Judgment filed by defendant BellSouth should be granted. This Court further grants plaintiff's Motion for Substitution of Parties [docket entry 25–1] and denies

the Joint Motion for Stay of the Case Management Plan Order [docket entry 24–1].

### I. Facts and Procedural History

Plaintiff Dr. Cloyd Ezell ("Ezell")[1] filed this lawsuit against BellSouth alleging he suffered personal injuries in a house fire in the early morning hours of February 1, 1994, that he would not have otherwise suffered had his telephone service functioned when his wife attempted to call for emergency personnel. After the initial Case Management Conference, held pursuant to Federal Rule of Civil Procedure 16 and the Uniform Civil Justice Expense and Delay Reduction Plan of this Court, the Court agreed with the parties that discovery should be stayed pending the resolution of this issue of liability in a motion for summary judgment.

The parties agree on the basic facts surrounding the fire at the Ezells' home, but disagree on the events leading up to the fire which form the basis of the plaintiff's opposition to the Motion for Partial Summary Judgment. In particular, the plaintiff alleges that even though she or her deceased husband made several reports to BellSouth of trouble with their telephone service during the months leading up to the fire, BellSouth's service personnel failed promptly to initiate diagnostic computer tests or to dispatch service technicians to determine the cause of the problem. Further, Ezell denies that BellSouth personnel were able to restore service satisfactorily prior to the fire at the Ezell home. Ezell alleges, therefore, that BellSouth personnel committed acts of "gross and reckless negligence" amounting to "willful misconduct." Ezell makes this contention even though BellSouth has presented records from the company documenting the tests and service calls made in the months leading up to the fire.

These alleged acts of "gross and reckless negligence" equating to "willful misconduct" take on added importance when one reads the General Subscriber Services Tariff ("Tariff"). The Tariff contains the following limitation on BellSouth's liability to its customers:

---

1. Plaintiff, Dr. Cloyd Ezell, died on January 21, 1996, according to the Suggestion of Death filed by Defendant. With the grant of the plaintiffs unopposed Motion for Substitution of Parties, Mrs. Helen Ezell is hereby substituted as plaintiff in this action.

## A2.5 LIABILITY OF THE COMPANY

### A2.5.1 Service Irregularities

The Company's liability, if any, for its willful misconduct is not limited by this Tariff. With respect to any other claim or suit, by a customer or by any others, for damages associated with the installation, provision, preemption, termination, maintenance, repair, or restoration of service, the Company's liability, if any, shall not exceed an amount equal to the proportionate part of the monthly recurring charge for the service for the period during which the service was affected. This liability shall be in addition to any amounts that may otherwise be due the customer under this Tariff as an allowance for interruptions.

As stated in the Tariff, BellSouth's liability on a claim for damages associated with service is limited to a proportionate part of the monthly service charge. The defendant's liability for damages associated with willful misconduct, however, is not limited in the same manner by the Tariff. In fact, this portion of the Tariff does not purport to limit damages for willful misconduct in any way whatsoever. Thus, if the defendant's actions involved in repairing and maintaining the Ezells' phone line can be characterized as "willful misconduct," then BellSouth could be liable for damages in an amount much greater than the nominal amount detailed in the Tariff.

With these facts in mind, the Court turns to review the familiar standards governing motions for summary judgment.

### II. The Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–24, 106 S.Ct. at 2553. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

■ With regard to the non-moving party's responsibility at this juncture, the Fifth Circuit has stated that

[t]his burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof assume that the nonmoving party could or would prove the necessary facts.* See *Lujan [v. National Wildlife Federation]* 497 U.S. [871] at 888, 110 S.Ct. [3177] at 3188 [111 L.Ed.2d 695 (1990) ](resolving actual disputes of material facts in favor of nonmoving party "is a world apart from 'assuming' that general averments embrace the 'specific facts' needed to sustain the complaint.... It will not do to 'presume' the missing facts because without them the affidavits would not establish the injury that they generally allege").

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)(en banc)(emphasis in original)(some citations omitted).

Having reviewed these principles, we turn to examine this case.

### III. Discussion

The section of the Tariff at issue in this case clearly limits to a nominal amount BellSouth's liability for damages related to instal-

lation and maintenance of the telephone line, among other services. Although the Mississippi Supreme Court has not spoken directly to this issue, this Court has ruled that the Tariff governing this public utility contains the rules and regulations which would supersede all other requirements of law. *Burris v. South Central Bell Telephone Co.*, 540 F.Supp. 905, 908 (S.D.Miss.1982). Moreover, the Mississippi Supreme Court has stated that the Tariff supplies the terms of the contractual relationship between BellSouth and its subscribers. *South Central Bell v. Epps*, 509 So.2d 886, 891 (Miss.1987) (citing *Burris* with approval).

■ Both plaintiff and defendant agree that the Tariff limits BellSouth's liability for ordinary negligence in this action. The parties, however, disagree on the issue whether the defendant's actions can be characterized as "willful misconduct." Because they disagree on the characterization of BellSouth's alleged actions, and plaintiff has filed an affidavit stating as much, plaintiff argues that this is enough evidence to defeat this motion for partial summary judgment. Plaintiff, however, misapprehends the law regarding willful misconduct and her burden of proof in a motion for summary judgment, as explained below.

■ Plaintiff alleges that defendant has engaged in acts of gross and reckless negligence amounting to willful misconduct. An approximate definition of gross negligence is "that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *Dame v. Estes*, 233 Miss. 315, 101 So.2d 644 (1958). Relying on *Dame*, the plaintiff equates gross and reckless negligence to willful misconduct because *Dame* allowed recovery of punitive damages "not only for a willful and intentional wrong, but for such gross and reckless neglect as is equivalent to such a wrong, since an act done in spirit of wantonness and recklessness is oftentimes just as harmful as if prompted by malice." *Dame*, 101 So.2d at 645.

Turning to the facts, even when one uses the foregoing standard to evaluate Bell-South's actions in the light most favorable to Ezell, BellSouth's acts do not rise to this level of neglect or recklessness. Mrs. Ezell's accusations of acts of "extreme incompetence and ineptness" committed by BellSouth simply do not constitute gross negligence or willful misconduct. Further, Mrs. Ezell twice admits in her affidavit that BellSouth personnel came to her house on several occasions in response to her complaints about telephone service. BellSouth's eight service calls or line tests between December 5, 1993, and February 1, 1994, certainly do not demonstrate a "reckless indifference to consequences without the exertion of any substantial effort to avoid them," as required for a finding of gross negligence under Mississippi law. *Dame*, 101 So.2d at 645.

■ This conclusion, furthermore, is warranted based upon Ezell's failure to submit sufficient evidence to rebut BellSouth's evidence of the numerous service calls and repairs made to the Ezell's phone line. To survive summary judgment, Ezell was required by *Celotex* to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553–54. Although Ezell submitted her affidavit, its unsubstantiated assertions and conclusory allegations simply will not suffice to create a genuine issue for trial. *Little*, 37 F.3d at 1075. Moreover, in the absence of any proof of such allegations, this Court cannot merely assume that Ezell could prove the necessary facts. *Id.*

### IV. Conclusion

For the reasons discussed above, this Court hereby grants BellSouth's Motion for Partial Summary Judgment. The parties' Joint Motion to Stay the Case Management Plan Order is denied, and the Motion for Substitution of Parties is granted.